Affirmed and Memorandum Opinion filed August 16, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00147-CR

___________________

 

Joseph Terrell Thompson, Appellant

 

V.

 

State of Texas, Appellee



 



 

On
Appeal from the 209th District Court

Harris County,
Texas



Trial Court Cause No. 1067626

 



 

 

MEMORANDUM OPINION

Appellant, Joseph Terrell Thompson,
was convicted by a jury of possession with intent to deliver a controlled
substance, namely cocaine.  See Tex. Health & Safety Code Ann. §§
481.102(3)(D); 481.112(d) (West 2010). Appellant was sentenced to fifteen
years’ confinement by the trial court.  Appellant has brought forth three
points of error; we affirm.

FACTUAL AND
PROCEDURAL BACKGROUND

On May 4, 2006, Officer William McPherson and Officer
Mark Smith of the Houston Police Department were dressed in uniform and in a
marked patrol car.[1] 
Appellant was driving his green Ford Expedition and his friend, Michael
Johnson, was a passenger in the front seat.  

The State’s Account

Officers McPherson and Smith both testified that they
heard the music emanating from appellant’s vehicle before they saw it drive by
where they were parked.  The officers intended to perform a traffic stop due to
the volume of the sound.  Officer McPherson stated he also witnessed appellant
make a right hand turn without using his turn signal.  According to the
officers, the Expedition parked at a gasoline station in a location where
someone could pump gas into the car.  Both officers testified they turned on
the patrol car’s emergency lights and parked their patrol car directly behind
the Expedition.

Officers McPherson and Smith contend that upon
stopping, appellant opened his car door and he ducked his head after the door
opened.  Officer McPherson asserted he saw appellant’s right arm make a
“dropping/throwing motion.”  Meanwhile, Johnson left the Expedition and started
walking towards the convenience store attached to the gas station.  The
officers separated; Officer McPherson approached the driver and Officer Smith
followed the passenger.

Officer McPherson testified that as he approached the
Expedition, he asked appellant to step to the front of the vehicle.  Officer
McPherson stated that appellant complied.  As Officer McPherson began checking
appellant for weapons, he looked down and saw a plastic bag with “a fairly
large amount of beige rock-like substance” located an “inch or two” behind the
front tire.  Officer McPherson explained that he did not believe the bag could
belong to anyone but appellant because it was not crushed.  He stated that if
it had been on the ground previously, appellant would have run over the bag
with his tire. 

After noticing the bag, Officer McPherson handcuffed
appellant because he thought the contents of the bag were a controlled
substance.  Officer McPherson testified that while he was handcuffing appellant
but before he had acknowledged the bag’s presence, appellant told him, “That’s
not my shit.”  Officer McPherson explained “shit” is slang for narcotics.  

Officer Smith testified he rejoined Officer McPherson
when he saw appellant being handcuffed.  Officer Smith picked up the bag and
performed a field test on its contents.  The field test showed cocaine was
present in the bag.  When weighed, the contents of the bag were 17.2 grams. 
Appellant also had $752 in cash on his person at the time of the arrest.

Johnson was questioned by Officer Smith about the bag
at the gas station, but Officer Smith determined he did not have any relevant
information.  Johnson was never arrested.

Kari Adams, an employee of the Houston Police Crime
Lab, testified that a former employee tested the contents of the bag in 2006,
but she retested them in 2007 because that employee was no longer employed by
the Crime Lab.  She stated she received a sample weighing 15.4 grams.[2]  She tested 4.4
grams of the substance in a “representative sample” and determined the tested
item was crack cocaine.

The Defense Account

Johnson testified he was the passenger in the Expedition
that day.  He stated the car was coming from another direction than the police
officers claimed.  He also argued police could not have been located where they
said they were because the area was chained off; consequently, they could not
have seen the Expedition when they claimed to have witnessed it driving by.  

Johnson also asserted that the officers were not behind
the Expedition when he exited the vehicle, but only arrived as he started to go
inside the store.  According to Johnson, the police car was “more on the side
and more toward the front” of the Expedition.  This contradicted the officers’
testimony that they were located behind the Expedition.  In addition, Johnson
testified that one of the police officers found the bag behind the Expedition,
not next to the front tire.

Trial Procedure

At trial, appellant requested a hearing on the
admissibility of his prior convictions if he chose to testify on his behalf. 
Appellant had been convicted in 2000 of three separate offenses of delivery of
a controlled substance and served five years in prison as a result.  Appellant
urged the trial court to prohibit use of the convictions to impeach him because
he believed the prejudicial effect of the convictions would outweigh the probative
value of impeachment.  The trial court denied his motion.  Appellant did not
testify.

During the jury charge conference, appellant asked that
the charge also include the lesser included offenses of: (1) possession of less
than a gram of a controlled substance; (2) possession of one to four grams of a
controlled substance; (3) possession with intent to deliver less than a gram of
a controlled substance; (4) possession of one to four grams of a controlled
substance with an intent to deliver.  See Tex. Health & Safety Code
Ann. §§ 481.102(3)(D); 481.112(a)-(c).  The trial court denied appellant’s
motion.

DISCUSSION

Appellant brings forth three points of error on
appeal.  

I.                  
 Did the Trial Court Err By Denying Appellant’s Request to
Include Lesser Included Charges in the Jury Charge?

Appellant contends the trial court erred by refusing
to issue a jury charge giving instructions on the lesser included offenses
listed above.

 

 

A.     Standard
of Review

A defendant is entitled to an instruction on a lesser
included offense if: (1) it is a lesser included offense of the charged
offense; and, (2) there is some evidence in the record that would permit a jury
to rationally find that if the defendant is guilty, he is guilty only of the
lesser offense.  Guzman v. State, 188 S.W.3d 185, 188 (Tex. Crim. App.
2006).  In making this determination, we must review all the evidence admitted
at trial.  Enriquez v. State, 21 S.W.3d 277, 278 (Tex. Crim. App. 2000);
Paz v. State, 44 S.W.3d 98, 100 (Tex. App.—Houston [14th Dist.] 2001,
pet. dism’d).  If more than a scintilla of evidence from any source raises the
issue that the defendant is guilty only of the lesser included offense, the
instruction must be submitted.  Forest v. State, 989 S.W.2d 365, 367
(Tex. Crim. App. 1999); Paz, 44 S.W.3d at 100.  

B.      Analysis

The State does not contest the first prong of the
requirements.  Thus, we turn our attention to the second prong.  Appellant
argues there are two reasons the trial court should have included instructions
on the lesser included offenses:  (1) appellant cross-examined Adams and raised
“issues with the reliability of the quantity and the process;” and, (2) Adams
did not test the entire sample, so she could not state equivocally that the bag
held only cocaine.

Adams testified she was not the first crime lab
analyst to test the substance in the bag.  In 2006, another analyst had
performed that work, but Adams stated the other analyst no longer worked in the
lab.  Appellant questioned Adams about whether the previous analyst was fired. 
She responded, “I’m under the impression he resigned.”  When asked if she knew
whether the previous analyst was fired for failure to follow procedure, Adams
explained that she did not know the reasons that the analyst had left.  On the
basis of this testimony alone, we cannot conclude a rational jury would have
concluded that appellant could have been guilty of only a lesser included
offense.  Guzman, 188 S.W.3d at 188.

Appellant was charged with possession of between four
and two hundred grams of cocaine, including adulterants or dilutants.  Tex. Health
& Safety Code Ann. § 481.112(d). Adams testified that she retested the
substance after the other analyst left the Houston Crime Lab.  The total weight
of the substance Adams weighed was 15.4 grams. Adams stated she performed a
“spot test” on 4.4 grams of the substance in the bag and confirmed it was
cocaine.  

Appellant claims that because Adams only tested 4.4
grams of the contents of the bag, she could not conclude the entire bag was
filled with cocaine.   Even assuming arguendo appellant’s theory is
true, Adams testified she performed chemical tests to prove 4.4 grams of the
substance was cocaine.  Thus, she provided evidence that the bag contained
between four and two hundred grams of cocaine, including adulterants or
dilutants, as required by statute.  Tex. Health & Safety Code Ann. §
481.112(d).  As a result, there was no reason a rational jury should have
determined appellant could only have been guilty of a lesser included offense
of possession of less than four grams of cocaine.  Guzman, 188 S.W.3d at
188.

We overrule appellant’s first point of error.

II.              
 Did the Trial Court Err By Denying Appellant’s Motion to
Prohibit the Prosecution from Impeaching Him with Prior Convictions if He
Testified?

Appellant contends that the trial court committed
reversible error when it decided that he would be subject to impeachment with
his three prior felony convictions if he chose to testify.  See Tex. R.
Evid. 609.  

Appellant did not testify at his trial and did not
provide any evidence of what his testimony would have been.  Consequently, we
do not reach the merits of appellant’s claim.  Jackson v. State, 992
S.W.2d 469, 479 (Tex. Crim. App. 1999).  To preserve error on a trial court’s
ruling that permits the State to impeach a defendant with prior convictions,
the defendant must have testified.  Id.  A reviewing court cannot review
testimony that does not exist for indicia of whether a cross examination question
was improper.  Id.  We overrule appellant’s second point of error.

III.           
 Was the Evidence Insufficient to Support a Conviction?

Appellant argues the State did not meet its burden to
prove that the cocaine found was possessed by appellant.

A.     Standard
of Review

Five judges on the Texas Court of Criminal Appeals
have determined that “the Jackson v. Virginia legal-sufficiency standard
is the only standard that a reviewing court should apply in determining whether
the evidence is sufficient to support each element of a criminal offense that
the State is required to prove beyond a reasonable doubt.”  Brooks v. State,
323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality opinion).[3]  

In a sufficiency review, we view all evidence in the
light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of a crime beyond a reasonable
doubt.  Salinas v. State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). 
The jury, as the sole judge of the credibility of the witnesses, is free to
believe or disbelieve all or part of a witness’ testimony.  Jones v. State,
984 S.W.2d 254, 257 (Tex. Crim. App. 1998).  The jury may reasonably infer
facts from the evidence presented, credit the witnesses it chooses to,
disbelieve any or all of the evidence or testimony proffered, and weigh the
evidence as it sees fit.  Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).  Reconciliation of conflicts in the evidence is within the
jury’s discretion and such conflicts alone will not call for reversal if there
is enough credible evidence to support a conviction.  Losada v. State,
721 S.W.2d 305, 309 (Tex. Crim. App. 1986).  An appellate court may not reevaluate
the weight and credibility of the evidence produced at trial and in so doing
substitute its judgment for that of the fact finder.  King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000).  Inconsistencies in the evidence are
resolved in favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406
(Tex. Crim. App. 2000).  We do not engage in a second evaluation of the weight
and credibility of the evidence, but only ensure the jury reached a rational
decision.  Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993); Harris
v. State, 164 S.W.3d 775, 784 (Tex. App.—Houston [14th Dist.] 2005, pet.
ref’d.).

B.      Analysis

Appellant contends the evidence is insufficient to
show he exercised care, custody or control over the bag of cocaine.  See
Poindexter v. State, 153 S.W.3d 402, 405-406 (Tex. Crim. App. 2005).  

When a person is not found to be in exclusive
possession of contraband, the State must affirmatively link the defendant to
the item.  Id. at 406.  Courts have identified a non-exhaustive list of
factors that may help show an accused is linked to a controlled substance or
illegal firearms, including: (1) the defendant's presence when a search is
conducted; (2) whether the contraband was in plain view; (3) the defendant's
proximity to and the accessibility of the contraband; (4) whether the defendant
was under the influence of narcotics when arrested; (5) whether the defendant
possessed other contraband or narcotics when arrested; (6) whether the
defendant made incriminating statements when arrested; (7) whether the
defendant attempted to flee; (8) whether the defendant made furtive gestures;
(9) whether there was an odor of contraband; (10) whether other contraband or
drug paraphernalia were present; (11) whether the defendant owned or had the
right to possess the place where the contraband was found; (12) whether the
place where the drugs were found was enclosed; (13) whether the defendant was
found with a large amount of cash; and (14) whether the conduct of the
defendant indicated a consciousness of guilt. See, e.g., Evans v. State, 202 S.W.3d 158, 162
n. 12 (Tex. Crim. App. 2006). It is not the number of links that is
dispositive, but rather the logical force of all of the evidence, direct and
circumstantial. Evans, 202 S.W.3d 158, 161.

Appellant was present when the cocaine was found and
did have close proximity and access to the place where the narcotics were
located on the ground.  Both police officers testified that appellant made a
ducking motion when he stopped driving.  Officer McPherson also testified that
appellant opened the vehicle’s door and made a “dropping/throwing motion” while
he ducked down.  Officer McPherson stated that the drugs could not have been
present prior to the appellant driving into the gas station because they were
found directly behind his tire.  Thus, if they had been lying on the ground,
appellant’s car would have crushed the bag.  

Furthermore, Officer McPherson testified that
appellant made the statement disclaiming ownership of the drugs before he
picked up the bag or asked appellant any questions about it.  As a result, the
jury could have inferred appellant was making incriminating statements. 
Finally, appellant carried a large amount of cash on his person when he was
arrested.  

Johnson refuted much of the testimony above, but the
jury was the sole judge of the credibility of the witnesses.  Jones v.
State, 984 S.W.2d at 257.  The jury impliedly believed the testimony of the
officers above that of Johnson.  Id.  We resolve all conflicts in favor
of the verdict.  Curry, 30 S.W.3d at 406.  We conclude a reasonable jury
could have determined there was sufficient evidence to find appellant guilty
beyond a reasonable doubt.  Muniz, 851 S.W.2d at 246; Harris, 164
S.W.3d at 784.

We overrule
appellant’s third point of error.

 

 

 

 

 

CONCLUSION

Having overruled each of appellant’s points of error,
we affirm the trial court’s verdict.

 

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Brown, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] At the time of trial,
McPherson had been promoted to Sergeant, but was an officer at the the time of
the incident.  We refer to McPherson as “Officer” throughout this opinion.





[2] Officer McPherson
testified he weighed the substance at the time of arrest and it was 17.2
grams.  No explanation is provided in the record for the discrepancy in
weights.





[3] Nonetheless, this does
not alter the constitutional authority of the intermediate courts of appeals to
evaluate and rule on questions of fact.  See Tex. Const. art. V, §6(a) (“[T]he decision of [courts of
appeals] shall be conclusive on all questions of fact brought before them on
appeal or error”).