**Robert Clyde HARRELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0105–83.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 28, 1983.

Donald W. Rogers, Jr., court appointed on appeal, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ray Elvin Speece and J. Michael Wilkinson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

This is an appeal from a conviction for murder. Punishment was assessed by the jury at 50 years. The Court of Appeals affirmed the conviction in an unpublished opinion. We granted the petition for review in order to consider appellant's first ground of error in the Court of Appeals.

Appellant contends the trial court erroneously denied his request to instruct the jury on the lesser included offense of aggravated assault. He argues that the trial court erred in relying upon the rule that intent to kill will be presumed as a matter of law where a deadly weapon is used in a deadly fashion and death results. This presumption was based upon Article 45, V.A.P.C. (1925)[1] which had been repealed by the new Penal Code, effective January 1, 1974, before the alleged offense in this case was committed. No similar provision appears in the new Penal Code.

■ Prior to the enactment of the new Penal Code, it was a well established rule that where a deadly weapon per se was used by the defendant an intent to kill was presumed. Art. 45, V.A.P.C. (1925); *Davis v. State,* 440 S.W.2d 291, and authorities cited there. In *Cain v. State,* 549 S.W.2d 707, 713, this Court held that when a deadly weapon per se is used in a deadly manner and death results, there is no need to give a charge on aggravated assault even though the defendant testified he did not intend to kill the victim. See *Ruiz v. State,* 523 S.W.2d 691, 695; *Smith v. State,* 411 S.W.2d 548, 553. Each of these cases, however, relied on the presumption provided by Art. 45, V.A.P.C. (1925) and dealt with offenses committed prior to the enactment of the new Penal Code. We hold the repeal of that statutory provision abolishes the rule derived therefrom, that when a deadly weapon per se is used in a deadly manner and death results, a charge on aggravated assault is not required even when the evidence otherwise raises the issue.

We held in *Brooks v. State,* 548 S.W.2d 680, 684–85, that a court is not required to charge a jury based on the presumption provided in Article 1223, V.A.P.C. (1925)[2]

1. Art. 45. Intention presumed
    "The intention to commit an offense is presumed whenever the means used is such as would ordinarily result in the commission of the forbidden act."

2. Art. 1223. Presumption from weapon of deceased

    "When the homicide takes place to prevent murder, maiming, disfiguring or castration, if the weapon or means used by the party attempting or committing such murder, maiming, disfiguring or castration are such as would have been calculated to produce that result, it is to be presumed that the person so using them designed to inflict the injury."

(repealed) when the same presumption was not enacted in the new Penal Code. The statutory basis for the presumption of intent to kill provided by Art. 45, V.A.P.C. (1925), was repealed by the new Penal Code and no similar provision appears in the new Code. The concurring opinion in *Brooks* clearly pointed out the parallels between Art. 1223 and Art. 45, V.A.P.C. (1925) and definitely foreshadowed the holding here.[3]

■ Despite the repeal of Art. 45, however, appellant was not entitled to an instruction on a lesser included offense of aggravated assault. The evidence relied on by appellant to raise the issue of aggravated assault shows murder under V.T.C.A., Penal Code § 19.02(a)(2). Appellant admitted shooting the deceased, but testified that he intended to hit the deceased in the arm when he fired the .22 rifle from 150 yards away. Under § 19.02(a)(2), appellant intended to cause serious bodily injury to the deceased and committed an act clearly dangerous to human life that caused the death of the deceased. See V.T.C.A., Penal Code §§ 19.02(a)(2) and 1.07(a)(34). Sec. 19.-02(a)(2) does not require the State to show a specific intent to kill on behalf of appellant. See *Fazzino v. State,* 531 S.W.2d 818, 820.[4] Because appellant's testimony showed him guilty of murder under § 19.-02(a)(2), it did not constitute evidence that if guilty he was guilty of aggravated assault. Since this evidence did not raise the issue that he was guilty only of aggravated assault, it was not error to refuse a charge on that offense.

The judgment is affirmed.

CLINTON and MILLER, JJ., concur in the result.

3. Although in *Simpkins v. State,* 590 S.W.2d 129, 134, the Court restated the presumption of intent from Art. 45 where the offense was committed after the enactment of the new Code and a charge on aggravated assault was refused, the issue of repeal of the presumption was not addressed. *Simpkins* held that the evidence did not raise the issue of aggravated

assault, and relied on the rule challenged here only in the alternative.

4. Although appellant was indicted under V.T.C.A., Penal Code § 19.02(a)(1) and not § 19.-02(a)(2), this does not constitute fundamental error because the jury was charged only under § 19.02(a)(1). The issue before this Court is the failure to instruct the jury on a lesser included offense of aggravated assault.