**Selman MOBLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–86–144 CR.**

Court of Appeals of Texas, Beaumont.

May 13, 1987.

**452**

Harvey H. Holiman, Jasper, for appellant.

Bill A. Martin, Dist. Atty., Newton, and Charles R. Mitchell, Asst. Dist. Atty., San Augustine, for appellee.

## OPINION

BURGESS, Justice.

A jury convicted appellant of voluntary manslaughter with a deadly weapon and assessed his punishment at twenty years confinement in the Texas Department of Corrections. Appellant's first point of error alleges the evidence was insufficient to sustain the conviction. Appellant argues that the only principal fact in dispute is whether or not he intended to kill the deceased.

Appellant was supervising the operation of a county landfill in place of his brother. Appellant testified he had been told that part of his remuneration was the salvage rights to the refuse. The deceased came to the landfill and gathered up four wheels that had been discarded by an unknown third party. Appellant witnessed this, armed himself with a shotgun and began to give chase. At some point during the chase, appellant managed to shoot the deceased's left front tire, causing the vehicle to stop. Both parties dismounted their vehicles and appellant pointed the gun at the deceased after having "pumped" a live shell into the chamber. Appellant demanded that the deceased return the wheels and the deceased placed two of the wheels in appellant's truck.

At this point, appellant claimed that the deceased attacked him and that he tried to defend himself by swinging the gun barrel first at the deceased. The gun discharged, killing the deceased. Appellant defends his actions based upon self defense, accident, and defense of property.

We must review the evidence in a light most favorable to the verdict. *Jackson v. State*, 672 S.W.2d 801 (Tex.Crim.App.1984). Additionally, the standard for appellate review is the same in both circumstantial and direct evidence cases, that is, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Carlsen v. State*, 654 S.W.2d 444 (Tex.Crim.App.1983) (opinion on state's motion for rehearing).

While there is no longer a presumption of an intent to kill from the use of deadly weapon, *Harrell v. State*, 659 S.W.2d 825 (Tex.Crim.App.1983), the intent of a defendant may always be inferred from the means used, and the wounds inflicted. It is a question of fact to be determined by the trier of facts from all the facts and circumstances in evidence. *Hemphill v. State*, 505 S.W.2d 560 (Tex. Crim.App.1974).

The jury certainly could have inferred that an individual who chases down a pickup truck, shoots the tires out, reloads the gun, and levels it at the deceased, had an intent to kill. Further, the testimony of the pathologist indicated the deceased had been shot slightly from back to front. Under the appropriate standard, we find the evidence sufficient to sustain the conviction. Point of error number one is overruled.

The second point of error alleges the trial court erred in overruling the "Motion for Directed Verdict" based upon the state's failure to prove the requisite intent. Consistent with our holding on point of error number one and utilizing the same analysis, we overrule the second point of error.

The final point of error complains of the introduction of the following portion of testimony:

[PROSECUTOR]: Well, I mean if I get it myself, get something that's out there at the dump, would it be mine then? If he hadn't loaded it in his pickup?

[WITNESS]: Yes, sir, I see no reason why not. I—

[PROSECUTOR]: I wouldn't be breaking any law, would I?

[WITNESS]: No, sir.

[PROSECUTOR]: You wouldn't come charge me with theft or anything like that, would you?

[WITNESS]: No, sir.

[PROSECUTOR]: Would—would the man have any right to pursue me down the highway two or three miles?

[DEFENSE COUNSEL]: Your Honor, I'm going to object to that. This witness had no idea whether he has a right to pursue or not.

[PROSECUTOR]: He certainly does, Your Honor, because he's in charge of the dump area. That is our commissioner.

THE COURT: Objection overruled; you may answer the question if you can, sir.

[PROSECUTOR]: Would the man have any right to pursue me down the road two or three miles, hold a gun on me and demand that I put the stuff back? That you know of?

[WITNESS]: This is just my personal opinion, it don't—I mean, I just don't know. I wouldn't.

It can be argued that the objection was too vague and general, thus not preserving error. If it did, there was no error. The witness did not state any legal conclusion; he only expressed a personal opinion. If it was error, it certainly was harmless error beyond a reasonable doubt. This point of error is overruled. The judgment is affirmed.

AFFIRMED.