**Luther Bernard FOREST, Appellant,**

v.

**The STATE of Texas.**

No. 1548–97.

Court of Criminal Appeals of Texas.

April 14, 1999.

Douglas H. Parks, Dallas, for appellant.

Wendy Koster, Asst. Dist. Atty., Dallas, Matthew Paul, State's Atty., Austin, for State.

## OPINION

HOLLAND, J., delivered the unanimous opinion of the Court.

A Dallas County grand jury indicted appellant for murder, alleging that appellant knowingly and intentionally caused the death of the victim by shooting him "with a firearm, a deadly weapon." TEX PENAL CODE § 19.02(b)(1). The jury convicted appellant of voluntary manslaughter and assessed appellant's punishment at twenty years' confinement and a $10,000 fine. TEX. PENAL CODE § 19.04, *renumbered from § 19.05 and amended by* Act of May 29, 1993, 73 rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3589, 3617. The trial court entered an affirmative finding in the judgment that appellant used or exhibited a deadly weapon during the commission of this offense. TEX.CODE CRIM. PROC. § 3G (a)(2). Appellant appealed his conviction to the Dallas Court of Appeals.

The Court of Appeals reversed the trial court's judgement and remanded this cause to the trial court. The Court of Appeals concluded the trial court erred when it did not grant appellant's request for a jury instruction on the lesser-included offense of aggravated assault. *Forest v. State,* No. 05–95–01234–CR, 1997 WL 524157 (Tex.App.-Dallas Aug.26, 1997, pet. granted)(not designated for publication). This Court granted review of the State's petition on the following ground for review:

> Because appellant's requested aggravated assault instruction did not pass the second prong of the *Royster* test, the trial court did not err by failing to charge the jury on aggravated assault.

This Court reverses the judgment of the Court of Appeals.

In the incident which led to this prosecution, appellant shot and killed the victim in a dispute over how to stop a fight. The undisputed evidence established that appellant's wife and the victim's girlfriend got into a fight at a friend's apartment. Appellant and the victim attempted to stop the fight. While arguing over how to stop the conflict, appellant and the victim began to fight. The owner of the apartment made everyone go outside. Appellant's wife left the premises once everyone was outside. Appellant and the victim continued fighting outside the apartment.

Appellant testified the victim told him, "I'll make you leave Dallas tonight." Appellant viewed this statement as a threat because appellant knew the victim owned a gun. Appellant's wife returned to the party with·a gun. Appellant took the gun from his wife and put it in his pocket. Appellant began to escort his wife from the party. The victim ran up behind appellant and struck him in the head. Appellant turned and took the gun from his pocket. All the witnesses, except for appellant, testified that when the victim ran away from appellant, appellant ran after the victim and shot him in the back.

Appellant testified that after he was struck by the victim, he "threw [his] gun up." When the victim turned, appellant stated he fired one shot. Appellant stated the victim apologized to appellant .after he shot the victim. After a bystander took the victim to the hospital, appellant testified that he "panicked" and left the apartment complex.

Appellant explained that he "was scared and ... afraid" and he felt he needed to protect himself because he knew the victim owned a gun. Later in his testimony, appellant admitted that he had confessed that he tried to shoot the victim "in the butt." On

cross-examination, appellant testified he intended to shoot the victim, but denied any intention to kill. Appellant acknowledged, however, that he knew there was a risk a person would die if someone shot them.

After both sides closed, the trial court prepared the jury charge. The trial court decided to instruct the jury on the lesser-included offense of voluntary manslaughter. The State objected to this instruction, but was overruled by the trial court. Appellant objected to the trial court's decision not to instruct the jury on the lesser-included offense of aggravated assault. The trial court overruled that objection.

The Court of Appeals concluded the trial court erred in not instructing the jury on aggravated assault. The Court of Appeals relied on the principle that an instruction is required on a lesser-included offense where the proof required for the greater offense includes the proof necessary to establish the lesser-included offense and there is some evidence in the record to show that if the defendant is guilty, he is guilty only of the lesser-included offense. *Forest*, slip op. at 3. The Court of Appeals explained the evidence "must permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense." *Forest, id.* The Court of Appeals then set out the elements of the offenses of murder and aggravated assault and simply stated aggravated assault can be a lesser-included offense of murder. *Forest*, slip op. at 4–5. The Court of Appeals concluded the evidence at trial raised the lesser-included offense of aggravated assault because appellant testified that he was afraid and intended to only hit the deceased, not kill him. *Forest*, slip op. at 6–7.

■ In its petition for discretionary review and its accompanying brief, the State argues the trial court correctly refused appellant's request for an instruction on aggravated assault. The State contends this requested instruction did not satisfy the second prong of the test set out in *Royster v. State*, 622 S.W.2d 442, 446–47 (Tex.Crim.App.1981). The second prong of the test requires that there be some evidence admitted at trial which shows if the defendant is guilty, he is guilty only of the lesser-included offense. *Id.*

The State argues the Court of Appeals overlooked this Court's opinion in *Harrell v. State*, 659 S.W.2d 825 (Tex.Crim.App.1983), which controls the disposition of this appeal. The State claims *Harrell* supports the conclusion that the evidence in this case did not show appellant could be guilty *only* of aggravated assault. In his responding brief, appellant suggests this Court should overrule *Harrell*.

■ A defendant is entitled to an instruction on a lesser-included offense where the proof for the offense charged includes the proof necessary to establish the lesser-included offense and there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex.Crim.App.1994)(citing *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex.Crim.App. 1993), *cert. denied*, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993) & *Royster*, 622 S.W.2d at 446–47). Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. *Bignall*, 887 S.W.2d at 23. In other words, the evidence must establish the lesser-included offense as "a valid, rational alternative to the charged offense." *Arevalo v. State*, 943 S.W.2d 887, 889 (Tex.Crim.App.1997). When the evidence raising the lesser-included offense also casts doubt upon the greater offense, it provides the fact finder with a rational alternative by voting for the lesser-included offense. *Id.*

■ As the Dallas Court of Appeals noted, aggravated assault can be a lesser-included offense of murder. *Forest*, slip op. at 5 (citing *Dowden v. State*, 758 S.W.2d 264, 269 (Tex.Crim.App.1988) and *Sledge v. State*, 860 S.W.2d 710, 713–14 (Tex.App.—Dallas 1993, pet. ref'd)). The elements of aggravated assault are set down in Texas Penal Code § 22.02(a). That statute provides that a person commits aggravated assault if he "commits assault as defined in Section 22.01 and the person (1) causes serious bodily injury to another _; or (2) uses or exhibits a deadly weapon during the commission of the assault." Texas Penal Code § 19.02(b) pro-

# 368

vides that a person commits murder if he "(1) intentionally or knowingly causes the death of an individual; and (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual".

Our opinion in *Harrell, supra,* is directly on point. The defendant in *Harrell* was charged with intentional and knowing murder under then Texas Penal Code § 19.01(a)(1) (now § 19.02(b)(1)). *Id.* at 827 n. 4. The defendant in *Harrell* testified that he only intended to shoot the victim in the arm but did not intend to kill the victim. *Id.* at 827. This testimony showed he intended to cause serious bodily injury to the victim and that he had committed an act clearly dangerous to human life that caused the death of the victim. *Id.* We held that his testimony showed him to be guilty of murder under former Texas Penal. Code § 19.01(a)(2), now Texas Penal Code § 19.02(b)(2), but did not constitute evidence that if guilty, he was guilty only of aggravated assault. *Harrell,* 659 S.W.2d at 826–27.[1] Therefore, we concluded the trial court did not err in refusing to charge the jury on the offense of aggravated assault.

In the instant case, appellant was charged with intentional murder under Texas Penal Code § 19.02(b)(1). Appellant admitted he meant to shoot the victim "in the butt" but claims that he did not intend to kill him. By his own testimony, appellant intended to cause serious bodily injury to the victim. It is not contested that appellant's act caused the victim's death. What's more, firing a gun in the direction of an individual is an act clearly dangerous to human life. Therefore, appellant's testimony showed him, at the least, to be guilty of murder under Texas Penal Code § 19.02(b)(2). However, there was no evidence that appellant was guilty only of anything less than some form of murder.[2] Appellant was not entitled to an instruction on aggravated assault. We sustain the State's first ground for review.[3]

The decision of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals to answer appellant's points of error not previously addressed.

IT IS SO ORDERED.

---

1. In *Harrell,* the defendant was not indicted for serious bodily injury murder. The jury in *Harrell* was charged only on the offense of murder and not on the offense of serious bodily injury murder. *Harrell,* 659 S.W.2d at 827, n. 4.

2. Under the current murder statute, at punishment the jury may find that, because of "sudden passion arising from an adequate cause," a murder which would ordinarily be a first degree felony may be punishable as a second degree felony. This is roughly equivalent to the old offense of voluntary manslaughter. The verdict of the jury in this cause was voluntary manslaughter.

3. In light of our disposition of the State's first ground for review, it is unnecessary to decide the State's second ground for review. Therefore, that ground is dismissed as improvidently granted. *See* Tex.R.App. P. 69.3.