NO. 07-07-0432-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 24, 2009
_____

JOE CHRISTIAN SALAZAR,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 55,146-C; ; HON. ANA ESTEVEZ, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Joe Christian Salazar was convicted of burglary of a building. He appealed that conviction by contending he should have received an instruction on the lesser offense of criminal trespass. We affirmed the judgment by holding that criminal trespass was not a lesser-included offense of burglary of a habitation as pled in this indictment[1] because the latter failed to include facts that would give notice that entry was forbidden. The Court of

---

[1]Appellant was indicted for burglary of a habitation.

Criminal Appeals reversed and remanded the matter to us by holding that a habitation implicitly gives notice that entry is forbidden. *Salazar v. State,* 284 S.W.3d 874, 880 (Tex. Crim. App. 2009). We, therefore, now consider whether the second prong of the lesser-included offense analysis was satisfied. It requires us to determine whether there appears evidence of record permitting a rational jury to reasonably conclude that if appellant is guilty of anything, it is only of criminal trespass. *See Rousseau v. State,* 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993) (holding that a party is entitled to an instruction on a lesser-included offense if 1) the lesser offense is included in the proof necessary to establish the greater offense, and 2) some evidence exists that would permit a jury to rationally find that if appellant is guilty, he is guilty only of the lesser offense).

A person commits criminal trespass if he enters or remains on property without effective consent and he had notice that the entry was forbidden or he received notice to depart but failed to do so. TEX. PENAL CODE ANN. §30.05(a) (Vernon Supp. 2008). If there is more than a scintilla of evidence from any source that raises the issue that appellant is guilty only of criminal trespass, then appellant was entitled to the instruction. *Forest v. State,* 989 S.W.2d 365, 367 (Tex. Crim. App. 1999). However, the evidence alluded to must affirmatively negate the element present in the greater offense but absent in the lesser. *Morris v. State,* No. 07-99-0498-CR, 2000 Tex. App. LEXIS 7181 at *5 n.1 (Tex. App.–Amarillo October 25, 2000, pet. ref'd) (not designated for publication). It is not enough to simply rely upon the State's failure to prove the particular element. Moreover, if the defendant presents evidence that he committed no offense, then the instruction may not be required. *Bignall v. State,* 887 S.W.2d 21, 24 (Tex. Crim. App. 1994).

Here, evidence of record illustrates that police responded to an anonymous report of a possible burglary at a residence in Amarillo. An Hispanic man purportedly was observed going in a window of a vacant house. Later, an individual was seen coming out of the back door of the residence by an officer investigating the call. That individual ran away when the officer identified himself and told him to stop. Approximately seven to ten minutes later, officers saw appellant walking within blocks of the crime scene, believed him to be the suspect they sought, and apprehended him. At that point, appellant allegedly "denied being inside the residence."

The State indicted appellant for burglary, that is, for *entering* the abode with the intent to commit theft. Appellant's defense at trial was founded upon misidentification. He endeavored to show that the color of the clothing worn by the suspect seen coming out of the house did not match that of appellant, that he ran from the officers when found walking on the street because he had outstanding traffic tickets, and that he was not in the residence.

Upon reviewing the record before us, we conclude that the evidence, depending upon who the jurors believed and how they resolved credibility issues, could have supported either a verdict of guilty for the crime charged (burglary) or an acquittal founded upon misidentification. None appears of record permitting a rational jury to reasonably conclude that if appellant committed any offense while inside the house it was simply the

crime of criminal trespass.[2]  Given this, we cannot say that the second element mandated by *Rousseau* was and is satisfied.

Accordingly, the judgment of the trial court remains affirmed.


Brian Quinn
Chief Justice


Do not publish.

---

[2]We also found no evidence upon which a rational jury could reasonably conclude that appellant had any reason to be in the house other than to commit a theft.  *See De Vaughn v. State,* 239 S.W.3d 351, 356 (Tex. App.–San Antonio 2007, pet. ref'd) (holding that there was no evidence that the defendant who threw a plant through a window and reached inside had any intent but to steal).