NO. 07-07-0432-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 24, 2009
______________________________

JOE CHRISTIAN SALAZAR, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee

_________________________________

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 55,146-C; ; HON. ANA ESTEVEZ, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Joe Christian Salazar was convicted of burglary of a building. He appealed that
conviction by contending he should have received an instruction on the lesser offense of
criminal trespass. We affirmed the judgment by holding that criminal trespass was not a
lesser-included offense of burglary of a habitation as pled in this indictment


 because the
latter failed to include facts that would give notice that entry was forbidden. The Court of
Criminal Appeals reversed and remanded the matter to us by holding that a habitation
implicitly gives notice that entry is forbidden. Salazar v. State, 284 S.W.3d 874, 880 (Tex.
Crim. App. 2009). We, therefore, now consider whether the second prong of the lesser-
included offense analysis was satisfied. It requires us to determine whether there appears
evidence of record permitting a rational jury to reasonably conclude that if appellant is
guilty of anything, it is only of criminal trespass. See Rousseau v. State, 855 S.W.2d 666,
672-73 (Tex. Crim. App. 1993) (holding that a party is entitled to an instruction on a lesser-
included offense if 1) the lesser offense is included in the proof necessary to establish the
greater offense, and 2) some evidence exists that would permit a jury to rationally find that
if appellant is guilty, he is guilty only of the lesser offense). 
Â Â Â Â Â Â Â Â Â Â A person commits criminal trespass if he enters or remains on property without
effective consent and he had notice that the entry was forbidden or he received notice to
depart but failed to do so. Tex. Penal Code Ann. Â§30.05(a) (Vernon Supp. 2008). If there
is more than a scintilla of evidence from any source that raises the issue that appellant is
guilty only of criminal trespass, then appellant was entitled to the instruction. Forest v.
State, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999). However, the evidence alluded to
must affirmatively negate the element present in the greater offense but absent in the
lesser. Morris v. State, No. 07-99-0498-CR, 2000 Tex. App. Lexis 7181 at *5 n.1 (Tex.
App.âAmarillo October 25, 2000, pet. refâd) (not designated for publication). It is not
enough to simply rely upon the Stateâs failure to prove the particular element. Moreover,
if the defendant presents evidence that he committed no offense, then the instruction may
not be required. Bignall v. State, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). Â 
Â Â Â Â Â Â Â Â Â Â Here, evidence of record illustrates that police responded to an anonymous report
of a possible burglary at a residence in Amarillo. An Hispanic man purportedly was
observed going in a window of a vacant house. Later, an individual was seen coming out
of the back door of the residence by an officer investigating the call. That individual ran
away when the officer identified himself and told him to stop. Approximately seven to ten
minutes later, officers saw appellant walking within blocks of the crime scene, believed him
to be the suspect they sought, and apprehended him. At that point, appellant allegedly
âdenied being inside the residence.â
Â Â Â Â Â Â Â Â Â Â The State indicted appellant for burglary, that is, for entering the abode with the
intent to commit theft. Appellantâs defense at trial was founded upon misidentification. He
endeavored to show that the color of the clothing worn by the suspect seen coming out of
the house did not match that of appellant, that he ran from the officers when found walking
on the street because he had outstanding traffic tickets, and that he was not in the
residence. 
Â Â Â Â Â Â Â Â Â Â Upon reviewing the record before us, we conclude that the evidence, depending
upon who the jurors believed and how they resolved credibility issues, could have
supported either a verdict of guilty for the crime charged (burglary) or an acquittal founded
upon misidentification. None appears of record permitting a rational jury to reasonably
conclude that if appellant committed any offense while inside the house it was simply the
crime of criminal trespass.


 Given this, we cannot say that the second element mandated
by Rousseau was and is satisfied. 
Â Â Â Â Â Â Â Â Â Â Accordingly, the judgment of the trial court remains affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Brian Quinn 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice
Â 
Do not publish.



Shading Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00085-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL C

Â 



MARCH
23, 2011

Â 



Â 

CESAR DAN HERNANDEZ-SANDOVAL, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE 291ST DISTRICT COURT OF DALLAS
COUNTY;

Â 

NO. F-0954675-U; HONORABLE SUSAN LYNN HAWK, JUDGE



Â 



Â 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

Â 

Â 

ON ABATEMENT AND REMAND

Â 

Appellant,
Cesar Dan Hernandez-Sandoval, appeals from conviction for the offense of
murder, and sentence of life imprisonment.[1]Â  Appellant filed notice of appeal on December
14, 2010.Â  The appellate record was due
to be filed by December 17, 2010.

On
February 17, 2011, by order of the Texas Supreme Court, this appeal was
transferred from the Fifth District Court of Appeals to this Court.Â  See Tex.
GovÂt Code
Ann. Â§ 73.001 (West 2005).Â  By separate letters, both dated March 1,
2011, this Court notified the district clerk and official court reporter that
the appellate record in this case had been due to be filed no later than
December 17, 2010, and directed the clerk and reporter to advise this Court of
the status of the records on or before March 11, 2011.Â  We received a request for extension of time
to file the reporterÂs record on March 1, 2011.Â 
This request was granted.Â 
However, to date, we have neither received the clerkÂs record nor any
response to this CourtÂs March 1, 2011 directive.Â  

Accordingly,
we now abate this appeal and remand the cause to the trial court for further
proceedings.Â  See Tex. R. App. P. 35.3(c).Â  Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a
hearing to determine the status of the preparation of the clerkÂs record, and
to enter any order necessary under the present circumstances to ensure that the
clerkÂs record is filed as soon as practicable.

The
trial court shall cause the hearing to be transcribed.Â  In addition, the trial court shall (1)
execute findings of fact and conclusions of law addressing the foregoing
issues, (2) cause a supplemental clerk=s record to be developed containing its findings of fact and
conclusions of law and any orders it may issue relating to this matter, and (3)
cause a reporter=s record to be developed transcribing
the evidence and arguments presented at the aforementioned hearing.Â  The trial court shall then file the
supplemental clerk=s record and any reporter=s record transcribing the hearing
with the clerk of this Court on or before April 22, 2011.Â  Should further time be needed by the trial
court to perform these tasks, same must be requested before April 22, 2011.

It is so
ordered.

Per Curiam

Do
not publish.Â  

Â 











[1] Because
no clerkÂs record has been filed in this case, the identification of the
offense for which appellant was convicted is as reflected in a partial copy of
the judgment that was attached to appellantÂs notice of appeal.