NO. 07-09-0001-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 22, 2009
_____

TAMMY L. TIMMS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-417,790; HON. BRAD UNDERWOOD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Tammy L. Timms was convicted as a party to aggravated robbery.   She seeks reversal of that conviction by contending the trial court erred in 1) refusing to include a jury instruction on the affirmative defense of duress, 2) excluding the testimony of her expert witness who would have testified with respect to the defense of duress, and 3) refusing to include an instruction on the lesser-included offense of theft.   We affirm the judgment.

*Background*

Appellant and her husband Paul Timms were drug dealers. Paul had received a counterfeit $20 bill from the victim Tommy Yugovich who also bought and sold drugs. When Paul attempted to spend the counterfeit bill, he was arrested. He sought to have appellant retain an attorney for him by obtaining money from Yugovich, whom Paul blamed for his incarceration. Through numerous telephone calls, the State proved that Paul sought to have appellant and Donnie Green steal drugs and take revenge upon Yugovich for his refusal to give money to appellant for Paul's attorney.

On the night of March 25, 2007, appellant arranged for Yugovich to sell her some methamphetamine at the home of Jerry Don Castle. Yugovich arrived with his girlfriend Michelle Pierce. While Pierce and Castle were playing pool, Yugovich and appellant were in another room. Appellant excused herself by representing that she had to go to the bathroom. Then, Pierce heard a noise and Yugovich called out in a distressed voice. When she responded, she observed a man later identified as Green standing before Yugovich while Yugovich bled from his head. Pierce then saw Green hit Yugovich in the head with a metal t-post. Thereafter, she too was struck in the head by Green.

Green gathered the drugs present, retrieved money found lying on the floor, and left. Appellant then exited the bathroom and left the residence. However, she forgot to take her wallet, which was later found by police at the crime scene. Yugovich's skull was fractured and he continued to suffer brain damage up to the time of trial.

*Issues 1 and 2 - Defense of Duress*

Appellant argues that the trial court erred in failing to permit her expert witness to testify that she acted under duress because she was a battered woman and afraid of Paul. She also contends the trial court erred in not instructing the jury on her defense of duress. We overrule the issues.

To avail oneself of the defense of duress, the actor must have "engaged in the proscribed conduct because he was compelled to do so by threat of imminent death or serious bodily injury to himself or another." TEX. PENAL CODE ANN. §8.05(a) (Vernon 2003). Compulsion exists "only if the force or threat of force would render a person of reasonable firmness incapable of resisting the pressure." *Id.* §8.05(c). Moreover, one asserting an affirmative defense such as duress must admit to having engaged in the proscribed conduct. *Hubbard v. State,* 133 S.W.3d 797, 799 (Tex. App.–Texarkana 2004, pet. ref'd) (involving the defense of necessity); *Gonzalez v. State*, No. 05-08-0187-CR, 2009 Tex. App. LEXIS 5762 at *4 (Tex. App.–Dallas July 28, 2009, no pet.) (not designated for publication) (involving duress); s*ee Alford v. State,* 866 S.W.2d 619, 624 n.9 (Tex. Crim. App. 1993) (noting that the rationale of duress is that even though the accused has done the act required and had the mental state required, the conduct is justified because he has avoided harm of a greater magnitude); *see also Bernal v. State,* 647 S.W.2d 699, 706 (Tex. App.–San Antonio 1982, no pet.) (holding that the defendant was not entitled to an instruction on duress when he denied having engaged in sexual intercourse with the complainant); *Hawkins v. State,* No. 14-07-0381-CR, 2008 Tex. App. LEXIS 7214 at *8-9 (Tex. App.–Houston [14[th] Dist.]

September 25, 2008, no pet.) (not designated for publication) (holding the defendant was not entitled to an instruction on duress when his theory at trial was that he was misled by his passenger into driving him to the scene of the crime and was not aware of the robbery until after it occurred); *Riley v. State,* No. 10-07-0060-CR, 2008 Tex. App. LEXIS 2357 at *14 n.3 (Tex. App.–Waco April 2, 2008, no pet.) (not designated for publication) (stating that when the defendant denied sexually assaulting the victim with a pipe but claimed only to have slapped the victim, she was not entitled to an instruction on duress).

At trial, appellant attempted to show that she was not guilty of the offense because she did not know what was going to happen and/or she only participated in a drug transaction. At the same time, she argued to the trial court that because the evidence was sufficient to go to the jury with respect to her guilt as a party or under a conspiracy theory, she was entitled to an instruction on duress.[1] Yet, she never admitted to the accuracy of the conduct underlying the charge. And, contrary to her suggestion on appeal, failing to deny the commission of the acts does not equal admitting them. If this were not so, then the State's burden in many criminal prosecutions would be greatly reduced when the accused opts to remain silent.

Appellant's alternative suggestion that evidence proffered by the State illustrating her involvement in the planning of the robbery was tantamount to an admission of the charged offense is also inaccurate. Again, the accused is obligated to admit the conduct underlying the offense. Forcing the State to carry its burden of proof is not

---

[1]Appellant did not testify. However, she presented evidence through other witnesses that Paul attempted to control her life and that she had been beaten by him in the past.

4

such an admission.   And, the evidence alluded to by appellant which illustrated her complicity in the crime was nothing more than effort by the State to fulfill its burden.   It was not an admission by appellant that she engaged in the underlying conduct. Indeed, to hold otherwise would be illogical.   That the prosecutor tendered evidence of guilt does not permit one to rationally deduce that the defendant admits to the veracity of the evidence tendered.   The latter does not follow from the former.

 Appellant also contends she has the right to rely upon alternative conflicting theories.   While this may generally be true, it does not relieve her from satisfying the conditions prerequisite to establishing duress, and one such condition concerned her admission to the underlying criminal conduct.

So, the trial court did not err in refusing to submit the affirmative defense of duress.   Nor did it err in excluding the testimony of her expert on that subject. Because appellant failed to admit to performing the deeds upon which the robbery was founded, the matter of duress was irrelevant.   Thus, the trial court did not abuse its discretion by excluding information about an irrelevant topic.

*Issue 3 - Lesser-Included Offense*

In her third issue, appellant argues that she should have received an instruction on the lesser-included offense of theft.   We overrule the issue.

For appellant to have been entitled to an instruction on a lesser offense, the elements of the lesser offense must be included within the proof necessary to establish the greater offense, and some evidence must appear of record that would permit a jury to rationally find that if appellant is guilty of anything, it is only of the lesser offense.

5

*Rousseau v. State,* 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). In considering the first prong, we compare the elements of the lesser crime to those of the greater as the latter are described in the indictment. *Hall v. State,* 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007). If the elements of the lesser offense are not included in the wording of the crime as alleged in the indictment, it is not a lesser-included offense.

With respect to the second prong, if there is more than a scintilla of evidence from any source indicating that the defendant is guilty only of the lesser offense, the instruction must be given. *Forest v. State,* 989 S.W.2d 365, 367 (Tex. Crim. App. 1999). However, the evidence in question must affirmatively negate the element present in the greater offense but absent in the lesser. *Morris v. State,* No. 07-99-0498-CR, 2000 Tex. App. LEXIS 7181 at *5 n.1 (Tex. App.–Amarillo October 25, 2000, pet. ref'd) (not designated for publication).

For purposes of this opinion, we assume that theft is a lesser-included offense of aggravated robbery and instead focus on whether there is any evidence suggesting that if appellant is guilty, she is guilty only of theft. Appellant attempts to satisfy that requirement by referring to statements she made in recorded telephone conversations about tricking Yugovich into bringing more drugs than she had money to buy. While this evidence illustrates that she may have committed theft, it falls short of illustrating that theft was the only crime she committed. Appellant refers us to no evidence indicating that Green did not bludgeon Yugovich with the t-post, that appellant did not participate in the planning of the operation with Paul and Green, that appellant did not know Green would arrive at Castle's residence to assault Yugovich, or that she did not

6

aid or assist Green or Paul by inducing Yugovich to appear at the intended crime scene. Without such data she cannot remove herself as a party to the aggravated robbery. *See* TEX. PENAL CODE ANN. §29.03(a)(1) (Vernon 2003) (stating that aggravated robbery occurs when a person intentionally, knowingly, or recklessly while in the course of committing theft of property and with intent to obtain and maintain control of the property causes serious bodily injury to another); *Id.* §7.02(a)(2) (Vernon 2003) (stating that one is culpable for the conduct of another if he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense). And, without evidence tending to sever her nexus as a party to the robbery committed by Green, it cannot be said that she only committed theft. So, appellant was not entitled to an instruction simply on theft.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Chief Justice


Do not publish.