Opinion filed November 7, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00327-CR

_____

## AARON LEE EVANS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR38436**

### M E M O R A N D U M   O P I N I O N

The jury found Aaron Lee Evans guilty of murder and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of sixty years and a fine of $5,000. *See* TEX. PENAL

CODE ANN. § 19.02 (West 2011). The trial court sentenced Appellant accordingly. We affirm.

Appellant presents two issues for review. In his first issue, Appellant contends that the trial court erred when it refused to instruct the jury on the lesser included offense of aggravated assault with a deadly weapon. Appellant asserts in his second issue that the trial court erred when it admitted victim impact testimony because the prejudicial effect of the testimony substantially outweighed any possible probative value in violation of TEX. R. EVID. 403.

Appellant and the victim, Jeffery Edwards, were brothers-in-law and were very close. Edwards was living with Appellant and Appellant's mother in Midland at the time of the incident. The two men got into an argument over whether Edwards had taken Appellant's bottle of Xanax pills. The argument escalated into a fight and ended with Appellant stabbing Edwards in the chest with an eight-inch kitchen knife. Edwards died before he arrived at the hospital.

There is no dispute that Appellant stabbed Edwards or that Edwards died as a result of the stabbing. Appellant testified that he stabbed Edwards in self-defense and that he did not mean for Edwards to die. Several witnesses testified that Appellant told them on the night of the incident that it was self-defense. The trial court instructed the jury on the lesser included offense of manslaughter and on self-defense. The trial court denied Appellant's request to instruct the jury on aggravated assault with a deadly weapon.

Although aggravated assault is a lesser included offense of murder, the trial court did not err when it denied Appellant's request. *See Forest v. State*, 989 S.W.2d 365, 367–68 (Tex. Crim. App. 1999). An individual on trial for murder is not entitled to an instruction on the lesser included offense of aggravated assault when the evidence shows that he is at least guilty of homicide. *Jackson v. State*, 992 S.W.2d 469, 474–75 (Tex. Crim. App. 1999) (citing *Forest*, 989 S.W.2d at

2

368). Here, the evidence showed that Appellant was at least guilty of homicide. Although Appellant testified that he acted in self-defense and that he did not intend to kill Edwards, Appellant intentionally caused serious bodily injury to Edwards by stabbing him in the chest with an eight-inch kitchen knife, an act clearly dangerous to human life. Therefore, Appellant was not entitled to an instruction on aggravated assault. *See Forest*, 989 S.W.2d at 368. Appellant's first issue is overruled.

In his second issue, Appellant argues that the trial court erred when it admitted victim impact testimony over his Rule 403 objections during the punishment phase of trial. Rule 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Tex. R. Evid. 403. Appellant complains of twenty-eight specific portions of testimony and photographs that showed details of Edwards's life. He asserts that he was harmed by the cumulative effect of the large amount of victim impact testimony. We will summarize the testimony and photographs at issue.

Sherry Edwards, the wife of the decedent, testified that her husband would have been a good grandfather. She described three photographs to the jury: one with her and Edwards when they were expecting their first child, one with Edwards and their son when he was six or seven months old, and one with Edwards and their son when he was in the seventh or eighth grade.

Melissa King, Edwards's sister, testified that Edwards was protective of her and her sisters; that he loved children; that he was getting to spend more time with his own children; that "[h]e had a very, very, very big heart"; and that he was a very good man. She also testified that she had seen Edwards three days prior to his death and that she was not prepared for what happened.

Ramona Lynn Evans, Edwards's sister and Appellant's wife, also testified that Edwards loved children, that he had a big heart, and that he was a good man.

3

She described a picture of him holding a friend's child at a cookout. Ramona further testified that Edwards was a hard worker and that he would do anything for anybody. He cared deeply for people and always made people feel better. He had a special smile and would say things to cheer up people. He liked to fish, work on cars, and spend time in the outdoors. She described a picture of Edwards fishing in Oklahoma and a picture of him at an outdoor cookout. Ramona also testified that Edwards did carpentry for his pastor's friend when he was sixteen and that he was a trained machinist. "More than anything, he loved his family." He spent a lot of time with his children until things got bad between him and his wife. He always wanted to be with his children.

Victim character and victim impact evidence is admissible at the punishment phase of trial to remind the jury that the decedent is a unique human being and that his murder has affected the lives of his survivors. *Salazar v. State*, 90 S.W.3d 330, 335 (Tex. Crim. App. 2002). "Trial judges should exercise their sound discretion in permitting some evidence, about the victim's character and the impact on others' lives while limiting the amount and scope of such testimony." *Mosley v. State*, 983 S.W.2d 249, 262 (Tex. Crim. App. 1998). To determine the admissibility of victim impact or victim character evidence, we consider the following factors: "(1) how probative is the evidence; (2) the potential of the evidence to impress the jury in some irrational, but nevertheless indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent's need for the evidence." *Salazar*, 90 S.W.3d at 336.

In this case, the probative value of the evidence was neither high nor low. While the testimony and photographs were not particularly strong evidence of the impact of Edwards's death on the family, the evidence did provide information about Edwards's life and character; evidence that had some tendency to remind the jury that he was a unique human being.

4

With regard to the second factor—the potential of the evidence to impress the jury in some irrational and indelible way—we look to whether the evidence tended "to encourage the jury to engage in 'measuring the worth of the victim compared to other members of society.'" *Solomon v. State*, 49 S.W.3d 356, 366 (Tex. Crim. App. 2001) (quoting *Mosley*, 983 S.W.2d at 262). Although the evidence at issue emphasizes that Edwards was a good man and had a lot of good qualities, the evidence does not encourage the jury to engage in a "worth" comparison.

The State did not take an exceptional amount of time to present the evidence at issue. The record in this case was time-stamped and reflects that the State presented the evidence in approximately eighteen minutes. The evidence was scattered throughout the testimony of three witnesses. The State's entire case at the punishment phase of trial lasted for approximately one hour. Of the twenty-two exhibits admitted through the State during the punishment phase, only six are at issue here.

The fourth factor weighs in favor of admission because the State had a need to rebut Appellant's characterization of Edwards during the trial. Appellant testified that Edwards had a temper, had been convicted of two assaults, had assaulted him on several occasions, was a drug user, did not have a job, and was living with him and his mother for several months rent-free. The State had a need to present evidence to show another side of the life that Appellant ended.

After considering the four factors, we cannot say that the probative value of the evidence was substantially outweighed by unfair prejudice. The trial court did not err when it admitted the victim character and victim impact evidence. Appellant's second issue is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


November 7, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.