# PD-1331&1332-15

In the
Court of Criminal Appeals of Texas

Cause Nos. 01-14-00744-CR & 01-14-00745-CR
In the
Court of Appeals for the First District of Texas
at Houston

Cause Nos. 1326112 and 1383738
In the 248th District Court
Of Harris County, Texas

ARTAVIOUS DEON HOLLINS
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

PETITION FOR DISCRETIONARY REVIEW

Casey Garrett
4010 Bluebonnet, Ste. 204
Houston, Texas  77025
(713) 228-3800
Texas Bar No. 00787197

RECEIVED IN
COURT OF CRIMINAL APPEALS

October 9, 2015

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................... 2

INDEX OF AUTHORITIES .................................................................... 3

STATEMENT REGARDING ORAL ARGUMENT ...................................... 4

STATEMENT OF THE CASE ................................................................. 4

STATEMENT OF PROCEDURAL HISTORY ............................................ 4

QUESTIONS PRESENTED FOR REVIEW ............................................... 5

REASONS FOR REVIEW ..................................................................... 5

PRAYER .......................................................................................... 10

CERTIFICATE OF SERVICE ........................................**Error! Bookmark not defined.**

# INDEX OF AUTHORITIES

**Cases**

*Cantu v. State*, 395 S.W.3d 202 (Tex. App.—Houston [1st Dist.] 2012)............................ 8

*Forest v. State*, 989 S.W.2d 365, 368 (Tex. Crim. App. 1999)........................................... 8

*Wiley v. State*, 74 S.W.3d 399, 405 (Tex. Crim. App. 2002) ............................................. 6

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument would not be helpful to the resolution of this case.

## STATEMENT OF THE CASE

Mr. Artavious Hollins was charged by indictment with the felony offense of murder (R.R.3 – 14). He was also indicted with the felony offense of tampering with evidence (R.R.3 – 14). Mr. Hollins pled not guilty to both of the charges and the cases were tried together before a jury (R.R.3 – 14). The jury found Mr. Hollins guilty of murder and guilty of tampering with evidence (C.R. 308). The jury assessed punishment at confinement for life in the Texas Department of Criminal Justice, Institutional Division, in the murder case. The jury assessed punishment at confinement for twenty-five years in the Texas Department of Criminal Justice, Institutional Division, in the tampering case. Mr. Hollins filed timely notice of appeal.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals filed a memorandum opinion affirming both convictions on August 27, 2015. No motion for rehearing was filed. Pursuant to Rule 68.2 of the Texas Rules of Appellate Procedure, this Petition for Discretionary Review should be filed thirty days after the day the court of appeals filed its opinion. A motion for extension of time was filed within fifteen days of the due date.

QUESTIONS PRESENTED FOR REVIEW

Is evidence sufficient to support a murder conviction when the witnesses for the State and the defense agree that the accused was not the aggressor, the accused repeatedly declined to fight with the complainant and retreated into his home, the complainant went into his home after instigating a yelling match with him, and the accused neither intended nor even knew the complainant had been shot?

Is evidence sufficient to support a conviction for tampering when the testimony showed the accused discarded clothing and a weapon in close proximity to the location where the incident took place, and no evidence indicated by words or deeds that accused intended to conceal or alter evidence?

REASONS FOR REVIEW

The decision of the court of appeals conflicts with applicable decisions of the Court of Criminal Appeals and the Supreme Court of the United States.

APPELLANT'S FIRST QUESTION FOR REVIEW

Is evidence sufficient to support a murder conviction when the witnesses for the State and the defense agree that the accused was not the aggressor, the accused repeatedly declined to fight with the complainant and retreated into his home, the complainant went into his home after instigating a yelling match with him, and the accused neither intended nor even knew the complainant had been shot?

To sustain a conviction for murder the evidence must demonstrate that the person (1) intentionally or knowingly (2) caused the death of an individual. Tex. Penal Code Ann. sec. 19.02 (b) (1). A person acts "intentionally" or with intent with respect to the nature of his conduct or to a result of his conduct when it is "his conscious objective or desire to engage in the conduct or cause the result." Tex.

Penal Code Ann. sec. 6.03(a); *Wise*, 364 S.W.3d at 903. A person acts knowingly or with knowledge of the nature of his conduct or circumstances "when he is aware of the nature of his conduct or that the circumstances exist." Tex. Penal Code Ann. sec. 6.03(b).S.W.3d at 659-62; *Wiley v. State*, 74 S.W.3d 399, 405 (Tex. Crim. App. 2002).

In the instant case, all the witnesses agreed, both the witnesses for the State and the ones for the defense, that Shae instigated a conflict between Mr. Hollins and Derrick Williams and Mr. Hollins repeatedly retreated into his apartment from this conflict. Tranea Jones and Andre Lewis both testified that Mr. Hollins initially got into a verbal argument with Shae, but he consistently retreated into his apartment any time the argument escalated or any time it looked like someone was trying to take it to the next level. All the witnesses agree that Shae called D over to the complex to harass and Mr. Hollins and damage his apartment, and everyone agreed Shae and D threw rocks, sticks and other items at the doors and windows of the apartment, taunting him to come out. Lewis, Jones and Mr. Hollins all testified that Mr. Hollins stayed securely inside his apartment on that occasion.

On the day of the shooting, likewise all the witnesses' agree that Mr. Hollins did not start or cause any arguments and that Shae, Williams and Lewis were being aggressive toward Mr. Hollins. Mr. Lewis testified that every time Mr. Hollins would begin to come out toward the courtyard and the other residents began escalating the fight or walking toward him, he would immediately retreat back into his home. Tranea Jones testified that Derrick Williams threatened to

6

"whoop his behind," and Mr. Hollins continued to retreat until eventually he began saying things like, "well, come on, come on then," and eventually said, "come into my house." Tranea Jones referred to this statement as an "invitation," but her testimony made clear that she understood it to be in the nature of a dare, more of a way to call the bluff of Derrick Williams and Andre Lewis by daring them to follow Mr. Hollins into his own home. In fact, Tranea got Andre Lewis involved because she could tell that Derrick Williams was pursuing the conflict and heading toward Mr. Hollins' apartment.

All the witnesses testified that there was a struggle for a gun inside Mr. Hollins' apartment. Tranea Jones testified, "I was already around there because when Artavious realized that he had shot Derrick – because I don't think Artavious knew he shot Derrick until he seen Derrick when Derrick said, "it didn't have to go like this." (R.R.3 – 167). Mr. Hollins also testified he didn't know if anyone was hurt when he ran away from the scene. He knew the gun had gone off, and he knew Derrick Williams had fallen somewhere outside of his apartment, but he was not aware that Derrick Williams had been shot.

Despite the inconsistencies in testimony, the witnesses at trial made several things clear: 1) Mr. Hollins was not the aggressor in any of the incidents at Casa Nube Apartments; 2) Mr. Hollins repeatedly declined to fight with the neighbors who were trying to instigate a conflict and instead retreated into his home; 3) Derrick Williams and Andre Lewis went into his home in the midst of a yelling match when at least one other resident believed a fight was about to start; and 4)

7

Mr. Hollins did not intend to shoot or even know he'd shot Derrick Williams after the tussle in his apartment.

Firing a gun in the direction of an individual is an act clearly dangerous to human life within the meaning of the murder statute. ***Forest v. State***, 989 S.W.2d 365, 368 (Tex. Crim. App. 1999). Struggling for control of a gun, however, when two aggressors have followed you into your own apartment after days of verbal harassment and property damage, is not an act clearly dangerous to human life. In ***Cantu v. State***, 395 S.W.3d 202 (Tex. App.—Houston [1st Dist.] 2012), this Court rejected the defendant's claims that the gun was accidentally discharged while he tried to take it from the defendant. In that case, however, expert testimony showed that the defendant had staged the evidence. In the instant case, by contrast, even the State's own witnesses believed the gun accidentally discharged, and all the witnesses agreed that the complainant and Mr. Hollins struggled for control of the gun.

APPELLANT'S SECOND QUESTION FOR REVIEW

Is evidence sufficient to support a conviction for tampering when the testimony showed the accused discarded clothing and a weapon in close proximity to the location where the incident took place, and no evidence indicated by words or deeds that accused intended to conceal or alter evidence?

The evidence must demonstrate that the person (1) knowing that an investigation or official proceeding is pending or in progress (2) alters, destroys or conceals any thing with intent to impair its availability as evidence. Tex. Penal Code Ann. sec. 37.09(a). (West 2014). A person acts "intentionally" or with intent

8

with respect to the nature of his conduct or to a result of his conduct when it is "his conscious objective or desire to engage in the conduct or cause the result." Tex. Penal Code Ann. sec. 6.03(a); *Wise*, 364 S.W.3d at 903. A person acts knowingly or with knowledge of the nature of his conduct or circumstances "when he is aware of the nature of his conduct or that the circumstances exist." Tex. Penal Code Ann. sec. 6.03(b).

Officer Christopher Castellani testified he was in pursuit of a man wearing a white shirt and a black hat (R.R.3 – 48). He said another officer found a white shirt and a black hat in a different location (R.R.3 – 48). He said later that day a dog found a firearm in the bushes not far from where the shirt and hat were found (R.R.3 – 54). The dog found a pink Palmer frame pistol with a black slide (R.R.3 – 71). The distance between the pistol and the clothing was a matter of seconds on foot (R.R.3 – 71). A tank top style tshirt was found at the scene (R.R.3 – 94). All the items were in the vicinity and very close to the apartment complex where the shooting took place (R.R.3 – 101).

The investigating officers found all of the evidence in locations very close to where Mr. Hollins had been confronted by a group of angry neighbors. The evidence merely showed that he discarded the evidence as he fled the scene, not that he concealed or altered or otherwise attempted to prevent the investigation from proceeding. To the contrary, investigators found a tank top next to the body of Derrick Williams. The pistol in this case was found steps from where Mr. Hollins' other clothing was found. The State was unable to demonstrate that Mr.

9

Hollins concealed any evidence and unable to demonstrate that he intended to conceal any evidence. The evidence at trial was legally insufficient to support a conviction for tampering and the case should be reversed and Mr. Hollins should be acquitted.

## PRAYER

Appellant respectfully prays this Honorable Court to grant his petition for discretionary review.

Respectfully submitted,

____/s/ Casey Garrett____
Casey Garrett
4010 Bluebonnet, Ste. 204
Houston, Texas  77025
(713) 228-3800
Texas Bar No. 00787197

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been supplied to the Harris County District Attorney's Office in accordance with the rules of appellate procedure.

____/s/ Casey Garrett____
Casey Garrett
4010 Bluebonnet, Ste. 204
Houston, Texas  77025
(713) 228-3800
Texas Bar No. 00787197

In the
Court of Criminal Appeals of Texas

Cause Nos. 01-14-00744-CR & 01-14-00745-CR
In the
Court of Appeals for the First District of Texas
at Houston

ARTAVIOUS DEON HOLLINS
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

CERTIFICATE OF COMPLIANCE

Casey Garrett
4010 Bluebonnet, Ste. 204
Houston, Texas  77025
(713) 228-3800
Texas Bar No. 00787197

This is the certify that the Petition for Discretionary Review filed in the above-numbered cause has 1,910 words in compliance with Rule 9 of the Texas Rules of Appellate Procedure.

____/s/ Casey Garrett____
Casey Garrett
4010 Bluebonnet, Ste. 204
Houston, Texas  77025
(713) 228-3800
Texas Bar No. 00787197