NO. 07-09-0001-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 

APRIL 22, 2009

______________________________

 

TAMMY L. TIMMS,


 

                                                                                                            Appellant

 

v.

 

THE STATE OF TEXAS, 

 

                                                                                                            Appellee

_________________________________

 

FROM THE 364TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2007-417,790; HON. BRAD UNDERWOOD, PRESIDING

_______________________________

 

Memorandum
Opinion

_______________________________

 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            Tammy L. Timms was convicted as a party
to aggravated robbery.  She seeks
reversal of that conviction by contending the trial court erred in 1) refusing
to include a jury instruction on the affirmative defense of duress, 2)
excluding the testimony of her expert witness who would have testified with
respect to the defense of duress, and 3) refusing to include an instruction on
the lesser-included offense of theft.  We
affirm the judgment. 

            Background

            Appellant and her husband Paul Timms were drug
dealers.  Paul had received a counterfeit
$20 bill from the victim Tommy Yugovich who also bought and sold drugs.  When Paul attempted to spend the counterfeit
bill, he was arrested.  He sought to have
appellant retain an attorney for him by obtaining money from Yugovich, whom Paul
blamed for his incarceration.  Through
numerous telephone calls, the State proved that Paul sought to have appellant
and Donnie Green steal drugs and take revenge upon Yugovich for his refusal to
give money to appellant for Paul’s attorney. 


            On the night of March 25, 2007,
appellant arranged for Yugovich to sell her some methamphetamine at the home of
Jerry Don Castle.  Yugovich arrived with
his girlfriend Michelle Pierce.  While
Pierce and Castle were playing pool, Yugovich and appellant were in another
room.  Appellant excused herself by
representing that she had to go to the bathroom.  Then, Pierce heard a noise and Yugovich called
out in a distressed voice.  When she responded,
she observed a man later identified as Green standing before Yugovich while
Yugovich bled from his head.  Pierce then
saw Green hit Yugovich in the head with a metal t-post.  Thereafter, she too was struck in the head by
Green.

            Green gathered the drugs present,
retrieved money found lying on the floor, and left.  Appellant then exited the bathroom and left
the residence.  However, she forgot to
take her wallet, which was later found by police at the crime scene.  Yugovich’s skull was fractured and he
continued to suffer brain damage up to the time of trial.  

            

Issues 1 and 2 - Defense of Duress

            Appellant argues that the trial court erred in failing
to permit her expert witness to testify that she acted under duress because she
was a battered woman and afraid of Paul. 
She also contends the trial court erred in not instructing the jury on
her defense of duress.  We overrule the
issues. 

           To
avail oneself of the defense of duress, the actor must have “engaged in the
proscribed conduct because he was compelled to do so by threat of imminent
death or serious bodily injury to himself or another.”  Tex.
Penal Code Ann. §8.05(a) (Vernon 2003). 
Compulsion exists “only if the force or threat of force would render a
person of reasonable firmness incapable of resisting the pressure.”  Id. §8.05(c).  Moreover, one asserting an affirmative
defense such as duress must admit to having engaged in the proscribed conduct.  Hubbard
v. State, 133 S.W.3d 797, 799 (Tex. App.–Texarkana 2004, pet. ref’d)
(involving the defense of necessity); Gonzalez
v. State, No. 05-08-0187-CR, 2009 Tex. App. Lexis 5762 at *4 (Tex. App.–Dallas July 28, 2009, no pet.)
(not designated for publication) (involving duress); see Alford v. State, 866
S.W.2d 619, 624 n.9 (Tex. Crim. App. 1993) (noting that the rationale of duress
is that even though the accused has done the act required and had the mental
state required, the conduct is justified because he has avoided harm of a
greater magnitude); see also Bernal v. State, 647 S.W.2d 699, 706 (Tex.
App.–San Antonio 1982, no pet.) (holding that the defendant was not entitled to
an instruction on duress when he denied having engaged in sexual intercourse
with the complainant); Hawkins v. State, No. 14-07-0381-CR, 2008 Tex.
App. Lexis 7214 at *8-9 (Tex.
App.–Houston [14th Dist.] September 25, 2008, no pet.) (not designated
for publication) (holding the defendant was not entitled to an instruction on
duress when his theory at trial was that he was misled by his passenger into
driving him to the scene of the crime and was not aware of the robbery until
after it occurred); Riley v. State, No. 10-07-0060-CR, 2008 Tex. App. Lexis 2357 at *14 n.3 (Tex. App.–Waco
April 2, 2008, no pet.) (not designated for publication) (stating that when the
defendant denied sexually assaulting the victim with a pipe but claimed only to
have slapped the victim, she was not entitled to an instruction on
duress).  

            At trial, appellant attempted to
show that she was not guilty of the offense because she did not know what was
going to happen and/or she only participated in a drug transaction.  At the same time, she argued to the trial
court that because the evidence was sufficient to go to the jury with respect
to her guilt as a party or under a conspiracy theory, she was entitled to an
instruction on duress.[1] Yet, she never admitted to the
accuracy of the conduct underlying the charge. 
And, contrary to her suggestion on appeal, failing to deny the
commission of the acts does not equal admitting them.  If this were not so, then the State’s burden
in many criminal prosecutions would be greatly reduced when the accused opts to
remain silent.  

            Appellant’s alternative suggestion
that evidence proffered by the State illustrating her involvement in the
planning of the robbery was tantamount to an admission of the charged offense
is also inaccurate.  Again, the accused
is obligated to admit the conduct underlying the offense.  Forcing the State to carry its burden of
proof is not such an admission.  And, the
evidence alluded to by appellant which illustrated her complicity in the crime
was nothing more than effort by the State to fulfill its burden.  It was not an admission by appellant that she
engaged in the underlying conduct. 
Indeed, to hold otherwise would be illogical.  That the prosecutor tendered evidence of
guilt does not permit one to rationally deduce that the defendant admits to the
veracity of the evidence tendered.  The
latter does not follow from the former.     

             Appellant also contends she has the right to
rely upon alternative conflicting theories. 
While this may generally be true, it does not relieve her from
satisfying the conditions prerequisite to establishing duress, and one such
condition concerned her admission to the underlying criminal conduct.  

            So, the trial court did not err in
refusing to submit the affirmative defense of duress.  Nor did it err in excluding the testimony of
her expert on that subject.  Because
appellant failed to admit to performing the deeds upon which the robbery was
founded, the matter of duress was irrelevant. 
Thus, the trial court did not abuse its discretion by excluding
information about an irrelevant topic.   

            Issue 3 - Lesser-Included Offense

            In her third issue, appellant argues that she should
have received an instruction on the lesser-included offense of theft.  We overrule the issue.

            For appellant to have been entitled
to an instruction on a lesser offense, the elements of the lesser offense must
be included within the proof necessary to establish the greater offense, and
some evidence must appear of record that would permit a jury to rationally find
that if appellant is guilty of anything, it is only of the lesser offense.  Rousseau v. State, 855 S.W.2d 666,
672-73 (Tex. Crim. App. 1993).  In
considering the first prong, we compare the elements of the lesser crime to
those of the greater as the latter are described in the indictment.  Hall v. State, 225 S.W.3d 524, 535-36
(Tex. Crim. App. 2007).  If the elements
of the lesser offense are not included in the wording of the crime as alleged
in the indictment, it is not a lesser-included offense.  

            With respect to the second prong, if
there is more than a scintilla of evidence from any source indicating that the
defendant is guilty only of the lesser offense, the instruction must be
given.  Forest v. State, 989
S.W.2d 365, 367 (Tex. Crim. App. 1999). 
However, the evidence in question must affirmatively negate the element
present in the greater offense but absent in the lesser.  Morris v. State, No. 07-99-0498-CR,
2000 Tex. App. Lexis 7181 at *5
n.1 (Tex. App.–Amarillo October 25, 2000, pet. ref’d) (not designated for
publication).                 

            For purposes of this opinion, we
assume that theft is a lesser-included offense of aggravated robbery and
instead focus on whether there is any evidence suggesting that if appellant is
guilty, she is guilty only of theft. 
Appellant attempts to satisfy that requirement by referring to statements
she made in recorded telephone conversations about tricking Yugovich into
bringing more drugs than she had money to buy. 
While this evidence illustrates that she may have committed theft, it
falls short of illustrating that theft was the only crime she committed.  Appellant refers us to no evidence indicating
that Green did not bludgeon Yugovich with the t-post, that appellant did not
participate in the planning of the operation with Paul and Green, that
appellant did not know Green would arrive at Castle’s residence to assault
Yugovich, or that she did not aid or assist Green or Paul by inducing Yugovich
to appear at the intended crime scene. 
Without such data she cannot remove herself as a party to the aggravated
robbery.  See Tex. Penal Code Ann. §29.03(a)(1)
(Vernon 2003) (stating that aggravated robbery occurs when a person
intentionally, knowingly, or recklessly while in the course of committing theft
of property and with intent to obtain and maintain control of the property
causes serious bodily injury to another); Id.
§7.02(a)(2) (Vernon 2003) (stating that one is culpable for the conduct of
another if he solicits, encourages, directs, aids or attempts to aid the other
person to commit the offense).  And, without
evidence tending to sever her nexus as a party to the robbery committed by
Green, it cannot be said that she only committed theft.  So, appellant was not entitled to an
instruction simply on theft.

            Accordingly, the judgment of the
trial court is affirmed.

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

 

Do not
publish.            











[1]Appellant
did not testify.  However, she presented
evidence through other witnesses that Paul attempted to control her life and
that she had been beaten by him in the past.