PD-1131-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/30/2015 2:21:09 PM
Accepted 9/30/2015 3:58:04 PM
ABEL ACOSTA
CLERK

## NO. PD. 1131-15

---

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

## REMUS LITOIU, APPELLANT

## V.

## THE STATE OF TEXAS, APPELLEE

---

**On Petition For Discretionary Review From The Thirteenth Court Of Appeals In No. 13-13-00489-CR affirming the conviction in cause number S-13-3012-Cr, from the District Court Of San Patricio County, Texas**

---

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

**ORAL ARGUMENT REQUESTED**

Les Cassidy
814 Leopard Street
Corpus Christi, Texas 78401
361-887-2965 (office)
361-885 -0320  (fax)
State Bar No. 03979270
Attorney for Appellant,
REMUS LITOIU

FILED IN
COURT OF CRIMINAL APPEALS

September 30, 2015

ABEL ACOSTA, CLERK

# IDENTITY OF PARTIES AND ATTORNEYS

Appellant:                                    Mr. Remus Litoiu
                                              TDCJ No. 01879962
                                              Polunsky Unit
                                              3872 FM 350
                                              Livingston, Texas 77351

Trial Attorneys For The State:                Michael E. Welborn
                                              Samuel Boyd Smith, Jr.
                                              District Attorney
                                              State Bar No. 18682570
                                              P.O. Box 1393
                                              Sinton, Texas 78387
                                              Telephone (361) 364-9390

Trial Attorneys For The Defendant:            John G. Gilmore, Jr.
                                              State Bar No. 07958500
                                              James D. Granberry
                                              State Bar No. 08293480
                                              622 S. Tancahua Street
                                              Corpus Christi, Texas 78401
                                              Telephone (361) 882-4378

Presiding Judge Hearing the Case:             Honorable Joel Johnson
                                              36th Judicial District Court
                                              P.O. Box 700
                                              Sinton, Texas 78387

Appellate Attorney for Defendant:             Les Cassidy
                                              State Bar No. 03979270
                                              814 Leopard Street
                                              Corpus Christi, Texas 78401
                                              (361) 887-2965

ii

## STATEMENT REGARDING ORAL ARGUMENT

Oral Argument is requested.

## STATEMENT OF THE CASE

This is an appeal from the offense of murder. *See Tex. Penal Code Ann §* *19.03.* Mr. Litoiu pleaded not guilty and a jury convicted him; he was sentenced by the court to a sentence of 75 years. Timely notice of appeal was filed.

## STATEMENT OF THE PROCEDURAL HISTORY

In an unpublished opinion, the Thirteenth Court of Appeals affirmed Mr. Litiou's conviction. *Litiou vs. State,* 13-13-00489-CR (Tex App – Corpus Christi, July 30, 2015)

## GROUND FOR REVIEW

The trial court erred in its refusal to submit the Defendant's requested charge for <u>sudden passion</u> as a jury instruction in the punishment phase. The defendant was suffering from a psychotic <u>delusion</u>, which if otherwise true, would have sufficed as adequate provocation from the victim under *Tex. Penal Code Ann. § 19.02(d)*.

## REASON FOR REVIEW

Texas law recognizes that a reasonable and rational person may commit an otherwise homicidal act under extreme mental duress known in law as "sudden passion." A defendant suffering from a psychotic delusion as a result of mental impairment should also be able to avail himself of this mitigating circumstance provided by law.

# TABLE OF CONTENTS

**Identity of the Parties and attorneys** ........................................................ ii

**Statement Regarding Oral Argument** ....................................................... iii

**Statement of the Case Procedural History** ............................................... iii

**Statement of the Procedural History** ....................................................... iii

**Ground for Review** ................................................................................. iv

> The trial court erred in its refusal to submit the Defendant's requested charge for <u>sudden passion</u> as a jury instruction in the punishment phase. The defendant was suffering from a psychotic <u>delusion</u>, which if otherwise true, would have sufficed as adequate provocation from the victim under *Tex. Penal Code Ann. § 19.02(d)*.

**Reason for Review** ................................................................................. iv

> Texas law recognizes that a reasonable and rational person may commit an otherwise homicidal act under extreme mental duress known in law as "sudden passion." A defendant suffering from a psychotic delusion as a result of mental impairment should also be able to avail himself of this mitigating circumstance provided by law.

**Table of Contents** ................................................................................... v

**Statement of Facts** .................................................................................. 1

**Argument** ............................................................................................... 3

**Prayer** .................................................................................................... 4

**Certificate of Compliance** ....................................................................... 5

**Certificate of Service** .............................................................................. 6

**Appendix (13th Court of Criminal Appeals Memorandum Opinion)** ........... 7

# INDEX OF AUTHORITIES

CASES

*Trevino v. State of Texas*, 100 S.W.3d (Tex. Crim. App. 2003) ........................3,4

*McCartney v. State of Texas*, 542 S.W.2d (Tex. Crim. App. 1976)....................3,4

STATUTES

Texas Penal Code §19.02(d)....................................................................1

## STATEMENT OF FACTS

This tragic and interesting case involves a murder prosecution with important subjective issues relating to Defendants who suffer from mental illness. Appellant was arrested for the homicide of Maria DeLeon, which occurred on October 24, 2012 (C.R. 2). He was indicted for murder on January 16, 2013. Appellant filed his Notice of Intent to Raise Insanity Defense on April 19, 2013 (C.R. 31). All parties announced ready for trial and jury selection began on August 12, 2013. The Appellant elected to go to the Jury on punishment. (C.R. 32). The Jury returned a verdict of guilty on August 15, 2013, and the trial court proceeded to the punishment phase of deliberations on August 16, 2013.

Remus Litoiu was convicted and sentenced to a 75 year prison term and a $10,000 fine on August 16, 2013. (R.R. Vol. 6, p 43, lines 13-25). Appellant seeks reversal of his sentence for the reason that his request for the Court to submit to the jury his proposed charge of *sudden passion* pursuant to Texas Penal Code § 19.02(d) was improperly denied in the punishment phase of his trial. (R.R. Vol. 6, p. 22, line 15 thru p.25, Line 15, See also. C.R. pp 48-55).

In the early morning hours of October 24, 2012, Remus Litoiu, age 30, caused the death of Maria DeLeon, age 35, at their home in Ingleside, Texas. Remus Litoiu was employed as an Engineer at the Kiewit Company since 2008. (R.R. vol.f 5, p 22, lines 24-25). The evidence produced at trial established that

1

Remus Litoiu had major depression with psychotic features and had been under medical treatment since July, 2012, when he then attempted suicide at his place of employment. (R.R. Vol. 5, p. 74. Lines 24-25). In the days leading up to the homicide he had been taken off medication and his condition worsened. Family members had called law enforcement in Ingleside out of concern for his well being two days before the homicide on October 22, 2012.(R.R. Vol.4, p.61, Lines 18-19). He was taken from his home by EMS to a local hospital where he was prescribed valium (for sleep) and returned home. On October 23, 2102, he had become delusional and was accosted again by the Ingleside Police Department while he was walking at night (11:30 pm) wearing only his underwear at a public park (R.R. Vol. 4, p. 32-33) to look for his mother (a resident of Romania at that time) (R.R. Vol. 5, p. 42, lines 9-16) who he believed had been executed as a result of Maria DeLeon's (the victim's) actions. He was questioned by law enforcement and examined again by EMS, (R.R. Vol. 5, p.49, line 24) then released back to Maria DeLeon who took him into the home which she shared with him. (R.R. Vol. 3. P. 71, lines 7-15) Convinced that the victim caused his mother's death, and in a moment of rage and fury, he killed her within an hour after being released by the Ingleside police officers. (R.R. Vol. 5, p. 62, lines 20-25). Maria DeLeon was able to flee from the home but died on the sidewalk where her body was later found at 7:00 am on October 24, 2012. (R.R. Vol. 3, p. 28, line 17 – p. 30, line 19). Remus

2

Litoiu testified he was afraid for his life, that he believed Maria De Leon had killed his mother and family (R.R. Vol. 5, ps. 46-47) and that when he formed this belief he was in a rage (R.R. Vol. 5, p. 66, lines 15-22) and ran up the stairs to the room where she was sleeping to hurt her. (R.R. Vol. 5, 63, lines 7-8).

## ARGUMENT

It was error for the court not to submit a charge of ***sudden passion*** at the punishment phase. There are both subjective and objective elements to this mitigating charge. *McCartney v. State*, 542 S.W.2nd 156, 160 (Tex. Crim. App. 1976). Remus Litoiu's actual belief that Maria De Leon had murdered his mother, and his sudden rage at the moment was sufficient to present this defensive issue to the jury. He was harmed by this denial for the reason that the actual punishment rendered exceeded the 20 year maximum for an otherwise second-degree murder offense.

The court's refusal to submit the Defendant's requested instructions seeking a finding by the jury of *sudden passion* was error. (R.R. Vol. 6, p22, line 15 – p. 25, line 15). *Trevino v. State,* 100 S.W.3d 232 (Tex. Crim. App. 2003) *(Sudden Passion* charge should be given if there is some evidence to support it, even if that evidence is weak, impeached, contradicted or unbelievable). Here there was evidence that the Defendant's impaired mental state caused him to believe that the victim killed his mother, and when he convinced himself of the circumstance, he

3

was filled with rage and fury and attacked the victim. (R.R. Vol. 5, p. 46 lines 7-25). The Defendant properly submitted this proposed charge in writing to the court prior to the punishment phase of the trial. (C.R. pp.48-55).

The fact that the Defendant may have been delusional in his belief concerning the provocation by Maria DeLeon should not diminish his legal right to the submission of the charge. This is because the evidence can be "unbelievable" to the finder of fact, provided it is "believed" by the Defendant. *Trevino,* 100 S.W.3rd at 238 (The definition of adequate cause is therefore both subjective and objective). See *McCartney v. State*, 542 S.W.2nd 156, 160 (Tex. Crim. App. 1976) (the fact finder must view from the actor's standpoint). The Defendant became convinced that the victim had killed his mother and feared for his own life. This is an adequate cause for a violent response at that moment, and this is what he believed actually happened.

The refusal of the trial court to submit the instruction of the *sudden passion* at the punishment phase of the trial was error.

## PRAYER

The failure to charge the jury on the lesser included offense of aggravated was error, and the conviction should be reverted and the case remanded to the trial court for a new trial.

4

The failure to charge the jury on a *sudden passion* in the punishment phase at the trial was error. The sentence imposed should be vacated or reversed and the case should be retried on the issue of punishment.

Respectfully Submitted,

/s/ *Les Cassidy*
Les Cassidy
814 Leopard Street
Corpus Christi, Texas 78401
361-887-2965 (office)
361-885 -0320 (fax)
State Bar No. 03979270
Attorney for Appellant,
REMUS LITOIU

## CERTIFICATE OF COMPLIANCE

I, Les Cassidy attorney for Remus Litoiu, certify that a computer using Microsoft Word for Mac, which indicates that the word count of this document is 1672 in accordance with Texas Rules of Appellate Procedure, generated this document.

*/s/ Les Cassidy*

Les Cassidy

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served in accordance with the Texas Rules of Appellate Procedure on this the 30th day of September 2015, on the following:

**Via Fax 361-364-9490**
San Patricio District Attorney
400 West Sinton Street, Room 108
Sinton, Texas 78387

*/s/ Les Cassidy*

Les Cassidy

# APPENDIX



# NUMBERS 13-13-00489-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

REMUS LITOIU,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

## On appeal from the 36th District Court
## of San Patricio County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Remus Litoiu, appeals his conviction of murder, a first-degree felony. A jury found appellant guilty and assessed punishment at seventy-five years in the Texas Department of Criminal Justice, Institutional Division, and a $10,000.00 fine. *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (West, Westlaw through Chapter 46 2015 R.S.). By two issues, appellant argues that the trial court erred by: (1) failing to submit a charge on the

lesser-included offense of aggravated assault to the jury during the guilt-innocence phase of the trial; and (2) by refusing to submit an instruction on sudden passion to the jury during the punishment phase of the trial. We affirm.

## I. BACKGROUND

On October 24, 2012, the Ingleside Police Department dispatched police officers in response to a call that a woman had been assaulted. Upon arrival, the officers found the body of Maria DeLeon, lying face down on the sidewalk adjacent to an apartment complex. DeLeon had multiple stab wounds, was without a pulse, and was cold to the touch. A short distance away, appellant opened his apartment door dressed only in his underwear and covered in blood. The officers arrested appellant. During the search of appellant's apartment, the officers found a knife in the upstairs bedroom and a knife in the downstairs bathroom. The officers took appellant to the police station, where he waived his *Miranda* warnings and admitted that he stabbed DeLeon.

Appellant testified in his defense during the trial. Appellant testified that he was employed as an engineer at the Kiewit Offshore Services prior to DeLeon's death. After a promotion, appellant's mental health started to deteriorate. In July 2012, he attempted suicide. He was then transported to a hospital where he was diagnosed with depression and prescribed medication which he took until September 2012. His mental condition worsened, and in October 2012, family members called law enforcement out of concern for his well-being. He was taken to a local hospital, prescribed valium (for sleep), and returned home.

2

Appellant testified that later that month, he was in a bad mental state. After he spoke with his family in Romania, he believed that DeLeon had somehow caused his mother's execution. Appellant believed that DeLeon intended to steal his identity. When he informed DeLeon that his mother was dead, DeLeon called EMS. Appellant was taken to the hospital where he was diagnosed with severe depression and mental illness. Again, he was given valium and sent home.

Appellant lastly testified that around midnight on the night DeLeon was killed, he stormed out of the apartment wearing only his underwear and drove to a local park. Appellant explained that he believed his mother and other family members were waiting for him. Appellant looked around the park but did not see any of his family so he started walking down the road. The police stopped appellant and when they asked him where he was coming from, he replied, "Hell". He told the officers that he felt that living with Ms. DeLeon was "hell". EMS was called and treated appellant. Afterwards, DeLeon took him home. Later that night, appellant stabbed and killed DeLeon. Appellant testified that "in a moment of fury", and believing that DeLeon was involved in the imagined death of his mother, he grabbed two knives, ran upstairs, and stabbed her.

## II. LESSER-INCLUDED OFFENSE

By his first issue, appellant argues that the trial court erred by denying his request to include the lesser-included offense of aggravated assault in the jury charge. Appellant contends that he was entitled to the lesser-included offense charge of aggravated assault because: (1) DeLeon only received a single fatal stab would; (2) appellant only intended to "hurt" DeLeon; and (3) appellant did not pursue DeLeon as she fled the home.

3

## A.    Applicable Law

The determination of whether the trial court should give a lesser-included offense instruction requires a two-step analysis: "(1) is the requested charge for a lesser-included offense of the charged offense? [and] (2) is there trial evidence that supports giving the instruction to the jury?" *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011). We review the first step de novo. *See id.* In that regard, the Texas Code of Criminal Procedure provides that an offense is a lesser-included if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09(3) (West, Westlaw through Chapter 46 2015 R.S.). In applying the second step, we look to see if there is some evidence in the record that would permit a rational jury to find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Rice,* 333 S.W.3d at 145. In that regard, "the appellate court must examine the entire record instead of plucking certain evidence from the record and examining it in a vacuum." *Enriquez v. State*, 21 S.W.3d 277, 278 (Tex. Crim. App. 2000) (en banc) (citing *Ramos v. State*, 865 S.W.2d 463, 465 (Tex. Crim. App. 1993) (en banc)); *see Wesbrook v. State*, 29 S.W.3d 103, 113–14 (Tex. Crim. App. 2000) (en banc). "We consider all of the evidence admitted at trial, not just the evidence presented by the defendant." *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011) (citing *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993) (en banc)).

"A defendant is entitled to an instruction on a lesser-included offense if some evidence from any source raises a fact issue on whether he is guilty of only the lesser,

4

regardless of whether the evidence is weak, impeached, or contradicted." *Cavazos v. State*, 382 S.W.3d 377, 383 (Tex. Crim. App. 2012) (citing *Bell v. State*, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985) (en banc)). The evidence must establish the lesser-included offense as a valid, rational alternative to the charged offense. *Id.* at 385; *Rice*, 333 S.W.3d at 145. "'[R]egardless of the strength or weakness of the evidence, if the evidence raises the issue that the defendant was guilty only of the lesser offense, then the charge must be given.'" *Cavazos*, 382 S.W.3d at 384–85 (quoting *Saunders v. State*, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992) (en banc)). "[W]e may not consider the credibility of the evidence and whether it conflicts with other evidence or is controverted.'" *Goad*, 354 S.W.3d. at 446–47 (quoting *Banda v. State*, 890 S.W.2d 42, 60 (Tex. Crim. App. 1994) (en banc)). Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser-included charge. *Id.* at 446.

## B. Discussion

The indictment alleged that appellant intentionally or knowingly caused the death of De Leon by stabbing her with a knife. *See* TEX. PENAL CODE ANN. § 19.02(b)(1). A person commits an aggravated assault if he intentionally, knowingly, or recklessly causes bodily injury to another and uses or exhibits a deadly weapon during the commission of the assault. *See* TEX. PENAL CODE ANN. § 22.02. The Court of Criminal Appeals has previously recognized that aggravated assault is a lesser-included offense of murder. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09; *Cardenas v. State*, 30 S.W.3d 384, 392–93 (Tex. Crim. App. 2000) (en banc). The elements of aggravated assault are included within the facts required to establish murder as charged in this case.

5

Accordingly, we turn to the second step in the analysis. Appellant must establish that there was evidence that, if guilty of an offense, appellant was guilty of only the lesser-included offense. *See Rice,* 333 S.W.3d at 145. The evidence produced must be sufficient to establish the lesser-included offense as a "valid, rational alternative" to the charged offense. *Id.* (citing *Forest v. State,* 989 S.W.2d 365, 367 (Tex. Crim. App. 1999)). When the evidence raising the lesser-included offense also casts doubt upon the greater offense, it provides the fact finder with a rational alternative by voting for the lesser-included offense. *Forest,* 989 S.W.2d at 367.

In *Harrell v State,* the defendant was charged with murder. *See Harrell v State,* 659 S.W.2d 825, 827 (Tex. Crim. App. 1983) (en banc) (citing TEX. PENAL CODE ANN. § 19.01(a)(2), now TEX. PENAL CODE ANN. § 19.01(b)(2)). The defendant testified that he only intended to shoot the victim in the arm, but that he did not intend to kill the victim. *Id.* at 827. In short, his testimony showed an intent to cause serious bodily injury and that the defendant committed an act clearly dangerous to human life and which caused the death of the victim. *Id.* The Court of Criminal Appeals held that this testimony showed the defendant to be guilty of murder, but that it did not constitute evidence that if he was guilty, he was guilty only of aggravated assault. *Harrell,* 659 S.W.2d at 826–27.

As in *Harrell v State,* appellant was charged with murder. Appellant admitted that he intended to stab DeLeon, but further testified that he only meant to "hurt" her. The evidence shows that appellant stabbed DeLeon multiple times. As such, the evidence proves that he intentionally caused serious bodily injury to DeLeon, and the undisputed

6

evidence showed that his acts caused her death.   Stabbing an individual is an act clearly dangerous to human life.

We conclude the evidence shows appellant to be guilty of murder.   *See* Tex. Penal Code Ann. § 19.02(b)(2).   Appellant's arguments that he only inflicted a single fatal stab wound; that he only intended to "hurt" her; and that he did not pursue her as she fled the apartment—is not sufficient to show that if he was guilty, he was guilty only of aggravated assault.   Therefore, appellant was not entitled to an instruction on the lesser included offense of aggravated assault.   *See Harrell*, 659 S.W.2d at 826-27; *Forest*, 989 S.W.2d at 368.   We overrule appellant's first issue.

### III.   Sudden Passion Charge

By his second issue, appellant argues that the trial court improperly denied his request for a charge on sudden passion during the punishment phase of the trial.   Tex. Penal Code Ann. § 19.02(d).

### A. Applicable Law

If a defendant is convicted of murder, he may argue during the punishment phase that he caused the death while under the immediate influence of sudden passion arising from an adequate cause.   *Trevino v. State*, 100 S.W.3d 232, 237 (Tex. Crim. App. 2003) (en banc).   Adequate cause is provocation that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection.   Tex. Penal Code Ann. § 19.02(a)(1).   Sudden passion is "passion directly caused by and arising out of provocation by the individual

7

killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation." *Id.* § 19.02 (a)(2).

"Sudden passion is a mitigating circumstance that, if found by the jury to have been proven by a preponderance of the evidence, reduces the offense from a first degree felony to a second degree felony." TEXAS PENAL CODE § 19.02(c) and (d). *See McKinney v. State*, 179 S.W.3d 565, 569 (Tex. Crim. App. 2005). "Thus, before a defendant is allowed a jury instruction on sudden passion, he must prove that there was an adequate provocation, that a passion or an emotion such as fear, terror, anger, rage, or resentment existed, that the homicide occurred while the passion still existed and before there was reasonable opportunity for the passion to cool; and that there was a causal connection between the provocation, the passion, and the homicide." *Id.* A jury should receive a sudden passion charge if it is raised by the evidence, even if that evidence is weak, impeached, contradicted, or unbelievable. *Id.*; *Trevino,* 100 S.W.3d at 238. However, the evidence cannot be so weak, contested, or incredible that it could not support such a finding by a rational jury. *Id.*

### B. Discussion

Appellant contends that he presented adequate evidence to warrant a charge of sudden passion. Specifically, appellant argues that his "impaired mental state caused him to believe that [DeLeon] killed his mother, and when he convinced himself of this circumstance, he was filled with rage and fury and attacked [DeLeon]." He further argues that the "fact that [he] may have been delusional in his belief concerning the provocation by Maria DeLeon should not diminish his legal right to the submission of the charge."

8

Appellant asserts that "the evidence can be 'unbelievable' to the finder of fact, provided it is 'believed' by [him]", and that that belief would allow for such a submission.

While it may be true appellant suffered from delusions that may have contributed to stabbing DeLeon, there is no evidence to show that he acted under the influence of sudden passion. Appellant failed to show there was adequate provocation. The record is silent regarding any act on DeLeon's part to show that she sought to provoke, or did provoke, appellant in any way either before or during the murder. There is no evidence to show that DeLeon approached appellant with a gun, knife, or any other instrument, much less that she sought to provoke him by verbal taunting, physical pushing or other action that would produce a degree of anger, rage, resentment, or terror in appellant, sufficient to render his mind incapable of cool reflection. Appellant's beliefs alone are not sufficient to rise to the level of adequate cause. A sudden passion instruction is proper only when the sudden passion was directly caused by and arose out of the provocation by the deceased at the time of the offense. *See McKinney*, 179 S.W.3d at 570 (evidence of provocation by decedent is required for a sudden passion charge).

Appellant's testimony further indicates that he had time to deliberate over his actions. Although he believed that he saw his mother shot and somehow connected this belief to DeLeon, he said that he later believed that his mother was still alive. Moreover, appellant testified that on the night of DeLeon's murder, he waited downstairs between thirty minutes to an hour before retrieving the knives and going upstairs. Such evidence does not show that he stabbed DeLeon during a "moment of fury", much less that there is a connection between appellant's beliefs and his alleged "moment of fury" when he

9

stabbed DeLeon. Rather, the evidence shows that he had time to consider how to deal with DeLeon, and by retrieving the knives, he was preparing himself for the altercation that he was anticipating. *See Hobson v. State*, 644 S.W.2d 473, 478 (Tex. Crim. App. 1983) (altercation was not an adequate cause to give rise to an *immediate influence* of sudden passion—defendant was suffering from "emotional crises" because of relationship between his daughter and the victim; after following the victim, he confronted and killed him).

We conclude there is simply no evidence to support such a charge. Therefore, the trial court properly denied appellant's request for a charge on sudden passion. *See id.* Appellant's second issue is overruled.

## IV. CONCLUSION

We affirm the judgment of the trial court.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of July, 2015.

10