**Affirmed and Memorandum Opinion filed May 26, 2022.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-21-00306-CR

**HASSAN ABDULLAH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 461st District Court
Brazoria County, Texas
Trial Court Cause No. 91723-CR**

## MEMORANDUM OPINION

In this appeal from a conviction for murder, appellant argues in three points of error that the judgment should be reversed because the evidence is legally insufficient, because the trial court erroneously denied a motion to suppress, and because the trial court erroneously submitted its charge to the jury. For the reasons given below, we overrule all of these points and affirm the trial court's judgment.

## BACKGROUND

The complainant, an eighteen-year-old man, arranged to sell a small amount of marijuana to a buyer he knew online. The buyer arrived at the complainant's house in a car containing two other individuals, including appellant, who was riding in the front passenger seat. The complainant walked over to the car and approached the front passenger door, where the window had been rolled down. Soon thereafter, a physical struggle ensued. The accounts varied as to the cause and scope of the struggle, but there was no dispute that the struggle ended with the complainant being shot a single time in the neck.

Appellant and his associates sped away after the shooting, without any marijuana having changed hands. The complainant remained conscious, and his siblings, who had witnessed the shooting, rushed to his aid and called for medical attention. First responders arrived on scene and transported him to the hospital, but the complainant died as a result of his injuries.

In the days after the shooting, investigators received information that the buyer was a student at a local high school. Using sources from that high school, the investigators then developed appellant as a suspect in the shooting and obtained a warrant for his arrest.

Appellant was eventually arrested in Georgia more than a month after the shooting. The investigators traveled to Georgia in order to escort him back to Texas and to interview him as well. While in Georgia, appellant initially agreed to waive his rights and give a recorded statement. In that statement, appellant completely denied having any knowledge of the murder. As the investigators pressed further, appellant requested to speak to an attorney. The investigators terminated the interview at that point, and then transported appellant to their private aircraft.

Shortly after landing in Texas, appellant asked to give another statement, even though an attorney was not present. In this second statement, which was also recorded, appellant confessed that he had been involved in the shooting. He said that he did not know the complainant, but that he went to the complainant's house because his associates had wanted to purchase marijuana and because he had wanted "to chill." Appellant explained that when he and his associates were counting out money to pay for the marijuana, the complainant noticed that appellant had a gun and the complainant asked to inspect it. Appellant claimed that he wanted to remove the clip and disarm the gun first, but before he could do so, the complainant grabbed the gun, and then the two of them struggled over it. Appellant said that he accidentally shot the complainant during this struggle.

This recorded statement was published to the jury in appellant's subsequent trial, where other evidence controverted appellant's version of events. The controverting evidence included electronic records showing that the buyer had intended to "hit a lick"—i.e., to rob the complainant of his marijuana. The evidence also included the live testimony of the car's driver, who said that everybody (including appellant) had discussed the planned robbery on the drive to the complainant's house.

In addition to that evidence, the complainant's sister, who witnessed the shooting, suggested that there was never any struggle over a gun, as appellant had claimed in his recorded statement. According to the sister, the complainant was grabbed by his jacket, pulled into the car, and then shot.

Appellant did not testify before the jury, nor did he call any witnesses in his defense, but his counsel argued that the jury should return a verdict of not guilty because the evidence established that appellant lacked the requisite mental state to

commit a murder. The jury rejected that argument, convicted appellant as charged, and sentenced him to sixty years' imprisonment.

## SUFFICIENCY OF THE EVIDENCE

In a sufficiency challenge, a reviewing court must determine whether a rational trier of fact could have found the essential elements of an offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). The offense here was murder, and appellant was charged under three separate theories of murder, which meant that the prosecution had the burden of proving at least one of the following sets of essential elements: (1) that appellant intentionally or knowingly caused the death of the complainant; (2) that appellant intended to cause serious bodily injury and committed an act clearly dangerous to human life that caused the death of the complainant; or (3) that appellant committed or attempted to commit a felony, such as aggravated robbery, and in the course of and in furtherance of the commission or attempt, he committed or attempted to commit an act clearly dangerous to human life that caused the death of the complainant. *See* Tex. Penal Code § 19.02(b).

We focus on just the third theory and its set of essential elements, which comprise the offense sometimes known as felony murder. When deciding whether the prosecution satisfied its burden of proof as to that offense, we examine all of the evidence in the light most favorable to the verdict. *See Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018). Under this standard of review, we have no power to reevaluate the weight and credibility of the evidence, or to substitute our judgment for that of the factfinder. *Id.* Quite the opposite, we must honor all findings that are supported by the evidence and by any reasonable inferences that can be drawn from the evidence. *Id.* If the record reveals any conflicts in the

4

evidence, we presume that the factfinder resolved the conflicts in favor of the judgment that was actually rendered. *Id.*

For the first element of felony murder, the prosecution was required to prove that appellant committed or attempted to commit a felony, such as aggravated robbery. The jury could have rationally found that the prosecution satisfied this burden. There was evidence from appellant's accomplice that appellant had discussed the commission of a robbery during the drive to the complainant's house. That accomplice testimony was further corroborated by electronic records, which showed that the supposed buyer (who was also in appellant's party) had wanted to "hit a lick," which is slang for committing a robbery. The evidence did not establish that appellant was successful in completing the theft, as no marijuana ever changed hands, but the jury could have reasonably determined from the surrounding circumstances that appellant had still attempted a theft.

For the second element of felony murder, the prosecution was required to prove that, in the course of and in furtherance of his robbery, appellant committed or attempted to commit an act clearly dangerous to human life. The jury could have rationally found this element of deadly conduct, based solely on appellant's second recorded statement. In that statement, appellant admitted that he shot the complainant, which was an act clearly dangerous to human life. Appellant claimed that the shooting was accidental, but the jury was not required to credit that claim. The jury had a substantial basis for believing that the shooting was intentional or knowing, based on the other evidence showing that appellant and his party had planned a robbery, and based on the testimony from the complainant's sister, which tended to negate any claim that there was ever a struggle over a gun. The jury could have likewise concluded that the shooting was not accidental because appellant did not report the shooting to authorities. Instead, the evidence showed that appellant

had fled the state, which demonstrated a consciousness of guilt. *See Clay v. State*, 240 S.W.3d 895, 905 n.11 (Tex. Crim. App. 2007) ("Evidence of flight evinces a consciousness of guilt.").

For the third and final element of felony murder, the prosecution was required to prove that appellant's deadly conduct actually caused the death of the complainant. This burden was satisfied when the prosecution produced the medical examiner, who testified that the complainant's cause of death was a penetrating gunshot wound to the neck. The jury could have rationally concluded that this penetrating gunshot wound was caused by appellant during his attempt to steal marijuana.

Appellant responds in his brief that the evidence is legally insufficient to support the conviction because the complainant's sister did not specifically identify him as the shooter in court, nor did the complainant's brother, who also testified. This argument is not persuasive. Appellant identified himself as the shooter in his second recorded statement, which means that there was legally sufficient evidence of identity.

Appellant also suggests that the evidence is insufficient to support the conviction because the evidence could have supported a finding of self-defense (which had not been submitted to the jury), or a finding of manslaughter (which had been submitted as a lesser-included offense). Because appellant has not supplied any citations to the record or to authority, we overrule this argument as inadequately briefed. *See* Tex. R. App. P. 38.1(i).

Based on the foregoing, we conclude that there was legally sufficient evidence from which the jury could have found every essential element of the offense beyond a reasonable doubt.

We overrule appellant's first point of error.

## MOTION TO SUPPRESS

Appellant moved to suppress his second recorded statement on the grounds that the statement was involuntary. In a hearing conducted outside the presence of the jury, appellant testified that the investigators repeatedly pressured him into giving that statement during their flight from Georgia to Texas, which was after appellant had already asserted his right to an attorney. According to appellant, the pressure took the form of the investigators saying that "it was in [appellant's] best interest to talk to them."

Both investigators testified in the hearing outside the presence of the jury, and their testimony controverted appellant's testimony. They explained that their flight from Georgia to Texas was in a small turboprop plane, and that the engines were so loud that conversations could not be conducted inside the cabin without a headset. They each said that no such conversations took place with appellant, and that they were all seated in separate rows. One investigator testified that he spent the entire flight working on a report while wearing noise-cancelling headphones. The other investigator testified that he spent the flight listening to music.

After landing, only one of the investigators escorted appellant to the Brazoria County Jail. As appellant was being booked into that jail, one of the jailers alerted the investigator that appellant was banging on the glass window and requesting to speak. The investigator testified that he then found a room to interview appellant, which is where the second recorded statement was obtained.

The trial court denied the motion to suppress, and now appellant raises three subpoints relating to that ruling. We address those subpoints in a slightly different order than as they were presented in appellant's brief.

7

In one of his subpoints, appellant requests that we abate this appeal because the trial court did not enter written findings of fact regarding the voluntariness of his statement. Appellant correctly observes that written findings are statutorily required, and that a reviewing court should abate an appeal in the absence of such findings. *See* Tex. Code Crim. Proc. art. 38.22, § 6 ("If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause."); *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) ("In this case, no findings of fact were filed. This was error. The Court of Appeals further erred by not abating for such findings."). But our court has held that oral findings are sufficient when they are dictated into the record. *See Joseph v. State*, 514 S.W.3d 838, 842 n.2 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (citing *Murphy v. State*, 112 S.W.3d 592, 601 (Tex. Crim. App. 2003)). And with the express agreement of appellant's defense counsel, the trial court here dictated its findings in lieu of making written findings. Therefore, we deny appellant's request to abate this appeal.

In a separate subpoint, appellant reasserts in his brief that his statement had been coerced. We construe this point as a challenge to the trial court's ruling on his motion to suppress, which we review for an abuse of discretion. *See Ex parte Moore*, 395 S.W.3d 152, 158 (Tex. Crim. App. 2013). Under that standard, we must view the record of the hearing on the motion in the light most favorable to the trial court's ruling, and we must sustain that ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.*

The trial court here orally found that appellant was warned of his rights, both in Georgia and in Texas. The trial court further found that appellant was not pressured or otherwise coerced into giving a statement by the investigators.

These findings are supported by the evidence. The recordings establish that appellant received his rights under *Miranda*. The investigators also directly testified that the flight from Georgia to Texas was uneventful, that they never approached appellant on the flight to discuss the case, and that they never pressured appellant into making a statement. Appellant also testified that the investigators never kicked or hit him or threatened him with a gun. Based on all of this evidence, we conclude that the trial court did not abuse its discretion when it found that appellant's statements were voluntary.

In one last subpoint, appellant argues that the trial court should have submitted the issue of voluntariness to the jury. This point, which is more appropriately construed as a complaint of charge error, is not fully briefed, and it fails in any event. The trial court is only required to submit the issue of voluntariness when the evidence heard by the jury raises an issue of fact. *See* Tex. Code Crim. Proc. art. 38.22, § 7; *Chambers v. State*, No. PD-0424-19, — S.W.3d —, 2022 WL 1021279, at *2 (Tex. Crim. App. Apr. 6, 2022). There was no fact issue here. Appellant did not testify in front of the jury. He only testified outside the presence of the jury during the hearing on his motion to suppress. Our review of the record does not reveal that the jury heard evidence from any other source raising a fact issue, and appellant has not cited to any such evidence in his brief, which was his burden. *See* Tex. R. App. P. 38.1(i). We therefore conclude that the trial court did not err by not submitting the issue of voluntariness to the jury. *See Vasquez v. State*, 225 S.W.3d 541, 545 (Tex. Crim. App. 2007) ("Under article 38.22, there is no error in refusing

to include a jury instruction where there is no evidence before the jury to raise the issue.").

We overrule appellant's second point of error.

## CHARGE ERROR

During the charge conference, appellant requested an instruction on self-defense and on the lesser-included offense of aggravated assault. The trial court denied both requests, and now appellant challenges those rulings here.

### A. Self-Defense

When deciding whether the trial court erred by refusing to instruct the jury on the law of self-defense, we first consider whether the evidence raised that defensive issue. *See Krajcovic v. State*, 393 S.W.3d 282, 286 (Tex. Crim. App. 2013). A defensive issue is raised by the evidence if there is some evidence, regardless of its source, on each element of a defense that, if believed by the jury, would support a rational inference that the element is true. *See Shaw v. State*, 243 S.W.3d 647, 657–58 (Tex. Crim. App. 2007). Whether the record contains such evidence is a question of law, which means that we do not apply the usual rule of appellate deference to the trial court's ruling. *Id.* Quite the reverse, we view the evidence in the light most favorable to the defendant's requested submission. *See Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006).

To support a self-defense instruction in this case, there must have been some evidence that appellant reasonably believed that deadly force was immediately necessary to protect himself from another's use or attempted use of unlawful deadly force. *See* Tex. Penal Code § 9.32. Appellant contends that there was such evidence, and he points solely to the testimony of the accomplice witness, who said that the complainant reached for appellant's gun and that a struggle then ensued.

Because appellant exercised his right to not testify before the jury, there was no direct evidence that he subjectively believed that deadly force was immediately necessary to protect himself from the complainant's use of deadly force. But even if we assumed for the sake of argument that this belief could be inferred—and that appellant did not actually provoke the difficulty—we could not reverse the trial court's judgment unless the trial court's refusal to instruct the jury on the law of self-defense resulted in "some harm." *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

When applying the "some harm" standard, a reviewing court must determine whether the defendant suffered actual harm, as opposed to merely theoretical harm. *See Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013). A court must consider several factors, including the jury charge as a whole, the arguments of counsel, the entirety of the evidence, and any other relevant information from the record. *Id.* We examine these factors in turn.

**The Jury Charge.** The trial court submitted a lesser-included instruction on manslaughter, but there was no submission of a justification defense like self-defense.

**The Arguments of Counsel.** Defense counsel waived the making of an opening statement. He made no references to self-defense during his voir dire either, which means that the jury had no reason to anticipate that issue. Counsel relied on a different defense instead, and during his closing statement, he argued that the jury should render an acquittal because appellant lacked the requisite mental state to commit a murder. This factor does not weigh in favor of finding some harm.

**The Entirety of the Evidence.** The testimony from the accomplice witness was not very revealing. The accomplice merely said that the complainant reached for the gun, without indicating whether the complainant intended to use deadly force

11

against another, or whether the complainant intended to prevent the use of deadly force against himself. And as indicated above, there was no direct evidence that appellant subjectively believed that his own use of deadly force was immediately necessary.

However, there was some evidence of appellant's subjective state of mind. During his first recorded interview, the investigators specifically asked appellant if he was acting in self-defense, and appellant responded with ignorance, saying that he did not even know the complainant. And during the second recorded interview—after he knew that the investigators had considered self-defense as a possibility—appellant declined to say that he had acted in self-defense, and he stated instead that the shooting was accidental because he unintentionally pulled the trigger during his struggle with the complainant. This evidence strongly indicates that appellant lacked a subjective belief that deadly force was immediately necessary to protect himself from the complainant's use of unlawful deadly force. That lack of belief was also demonstrated by the other evidence, which tended to show that appellant desired to commit a robbery.

Altogether, we conclude that any error in the omission of a self-defense instruction did not result in some harm. *See Gonzales v. State*, 474 S.W.3d 345, 353–54 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (concluding that the erroneous denial of a self-defense instruction was harmless where the evidence strongly indicated that the use of deadly force was not justified).

## B.     Aggravated Assault

A trial court reversibly errs by denying a requested instruction for a lesser-included offense if (1) the lesser offense is included within the proof required of the charged offense, and (2) there is some evidence from which a rational jury could

12

acquit the defendant of the charged offense while convicting him of the lesser offense. *See Segundo v. State*, 270 S.W.3d 79, 90–91 (Tex. Crim. App. 2008).

A person commits aggravated assault if he intentionally, knowingly, or recklessly causes serious bodily injury to another, or if he intentionally or knowingly threatens or injures another with a deadly weapon. *See* Tex. Penal Code § 22.02(a). These elements can fall within the proof needed to establish a murder, which is a greater offense because murder additionally requires evidence that the person caused the death of another. *See* Tex. Code Crim. Proc. art. 37.09(1)–(2) (providing that an offense is a lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged" or "it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission"); *Forest v. State*, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999) ("Aggravated assault can be a lesser-included offense of murder."). Thus, the first prong of the error analysis has been satisfied.

To satisfy the second prong, there must be affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the charged offense. *See Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012). Appellant argues that he was entitled to the instruction on the lesser-included offense because he recklessly caused serious bodily injury, which thereby raised the issue of aggravated assault. But appellant has not pointed to any evidence, and we are aware of none, that rebuts or negates the proof showing that he caused the death of the complainant. Because there was no such evidence, the trial court did not err by denying appellant's request for the instruction on the lesser-included offense. *Cf. Bergeron v. State*, 981 S.W.2d 748, 752 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) ("Thus, if appellant intentionally or knowingly created an injury that caused

the death of complainant, he would have committed aggravated assault; however, he also would have committed murder as charged in the first paragraph of the indictment. Therefore, he could not be found guilty *only* of the lesser included offense of aggravated assault under such circumstances. Furthermore, there was no evidence that appellant threatened or injured complainant with a deadly weapon but did not cause his death.").

We overrule appellant's third point of error.

## CONCLUSION

The trial court's judgment is affirmed.

/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.
Do Not Publish – Tex. R. App. P. 47.2(b).

14